**Vernon Earl JONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–83–848CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 14, 1985.

Ronald Hayes, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction of robbery.

On January 15, 1983, appellant ate lunch at a restaurant where the relevant events occurred. The cashier testified that he requested and received change and also that she directed him to the restroom outside the restaurant. She and other witnesses testified that appellant returned a few minutes later, walking hurriedly, went behind the counter, grabbed the cashier and tried to push her toward the kitchen. He held one hand under his shirt and stated that he had a gun, was robbing the restaurant and for the customers to get on the floor. When a delivery man entered the restaurant through a back door, appellant fled on foot. The delivery man chased appellant and caught him. He testified that as he held appellant and waited for the police to arrive, appellant offered money to him and another man who joined them if they would let him go. Police officers subsequently arrived and arrested appellant.

Appellant admitted going to the restaurant but testified that the complainant

short-changed him. He said that when he confronted her, four men in the restaurant "jumped" him and began hitting him. He testified that he was able to break free and run from them, but some of the men caught him and about twelve of them beat him.

The first police officer to arrive at the location where appellant was being held testified that four or five persons were present, the situation seemed to be under control, and appellant had only minor scratches.

A jury found appellant guilty of robbery. It assessed his punishment, enhanced by two prior felony convictions, at thirty years in the Texas Department of Corrections. We affirm.

In his sole ground of error, appellant contends the evidence was insufficient to prove the commission of the offense beyond a reasonable doubt. Appellant does not specify where the evidence was lacking or which elements of the offense were not proven. He merely argues that his actions were not those of one who is planning to commit a robbery and that no robbery was committed.

In reviewing a challenge to the sufficiency of the evidence, an appellate court must view the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984).

■ A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1974). The first element of a crime is that there be a person who commits the offense. Positive in-court identification of a defendant by victims of a robbery is to be given great weight. *Haywood v. State*, 507 S.W.2d 756, 758 (Tex.Crim.App.1974). The evidence in *Haywood* included testimony by victims that the defendant had made no attempt to conceal his identity and that they had sufficient time and light to observe him at the time of the robbery.

■ In the instant case, four witnesses, including the cashier, positively identified appellant in court as the person who threatened them in the restaurant and told them it was a "hold up." The first police officer to arrive on the scene likewise made a positive in-court identification. Their testimonies are sufficient to establish appellant as the person who committed the acts in question.

■ The second requirement of the crime is that the threat or fear created occurs "in the course of committing theft." A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of it. TEX.PENAL CODE ANN. § 31.03(a) (Vernon Supp. 1984). "In the course of" refers to "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." TEX.PENAL CODE ANN. § 29.-01(1) (Vernon 1974). Thus a person need not actually commit theft for him to be found guilty of robbery. *Robinson v. State*, 596 S.W.2d 130, 134 (Tex.Crim.App. 1980) (en banc). Appellant's intent is to be determined from his words, acts, and conduct. *Jenke v. State*, 487 S.W.2d 347, 348 (Tex.Crim.App.1972). Evidence is sufficient to show ownership if it shows that the property was taken from the care, custody and control of the complaining witness. *Cross v. State*, 550 S.W.2d 61, 64 (Tex. Crim.App.1977).

■ The complaining witness here was also the cashier, who testified that she had care, custody and control over the money in the restaurant. Witnesses testified that appellant announced to the cashier and customers that this was a "hold up," that the customers must get on the floor, and that

he had a gun. He attempted to grab the cashier and push her into the kitchen. He kept his hand beneath his shirt the entire time, and witnesses testified that they believed he could have had a gun. When a delivery man surprised him, appellant fled and continued trying to elude those chasing him. This evidence is sufficient to fulfill the second requirement of the offense and the requirements for the offense of theft.

A third element of this offense is that the person intend to obtain or maintain control of the property. Where the victim testified that appellant took property from her by exhibiting a pistol and putting her in fear of death or bodily harm, the evidence was sufficient to sustain his conviction for robbery by assault. *Jenke*, 487 S.W.2d at 348. Here, the evidence is clearly sufficient to sustain the intent requirement.

Finally, proof of the offense requires the State to show that appellant intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death. Where the victim testified that she feared imminent bodily injury from the time appellant approached her at the cash register until he exited, that she thought at first he had a gun, and that he threatened her with physical harm, the evidence was sufficient to show that appellant placed her in fear of imminent harm. *Patterson v. State*, 639 S.W.2d 695, 696 (Tex. Crim.App.1982). The testimony is sufficient here to support both the requirement of intent or knowledge and that of placing complainant in fear of injury or death.

The evidence was clearly sufficient to support a guilty verdict, as each element of the crime could have been found by the jury. Appellant's ground of error is overruled.

We affirm.