**Robert Lee FORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–00219–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1993.

Phillip C. Banks, Houston, for appellant.

Douglas Howell, III, Houston, for appellee.

Before ROBERTSON and DRAUGHN, JJ.

## OPINION ON REMAND

DRAUGHN, Justice.

Appellant entered a plea of not guilty before a jury to the offense of robbery. He was convicted and the jury assessed punishment at forty-six years imprisonment. On appeal, appellant challenged the accomplice witness rule; the right to make an opening statement; sufficiency of the evidence; and the trial court's discretion in allowing jurors to submit written questions they would like asked of witnesses.

On August 6, 1992, we affirmed the trial court's judgment and appellant filed a petition for discretionary review. The Court of Criminal Appeals, 846 S.W.2d 850, granted appellant's petition, reversed our judgment, and remanded to this court for reconsideration in light of its recent holding that the trial court errs when it allows jurors to propound questions to witnesses. *Morrison v. State*, 845 S.W.2d 882 (Tex.Cr.App. 1992) (*reh'g denied*). We reverse and remand.

On September 6, 1990, at approximately 6:00 p.m., appellant and Jimmy Sterling were walking down Groesbeck Street in Bryan, Texas, toward Patel's Pantry, a convenience store. Appellant told Sterling he was going to rob Patel's Pantry; Sterling tried to discourage appellant from the robbery. Appellant then said he was going to Charles Hood's house and left Sterling. Hood lived near Patel's Pantry and was appellant's friend. Sterling also went to Hood's house, but when he arrived appellant was not there. Sterling then saw appellant running away from Patel's Pantry.

Fnehlata Patel, the owner of Patel's Pantry, and two of her employees were in the store at approximately 7:00 p.m. when a tall, skinny, black man came into the store asking for change. The man grabbed the money in the cash register and ran.

 In his fourth point of error, appellant alleges the evidence was insufficient to identify him as the robber. In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the verdict, and must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The standard of review is the same regardless of whether the case involves direct or circumstantial evidence. *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984). The jury is entitled to consider events that occurred before, during, and after the commission of the offense. *Henderson v. State*, 825 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). The identity of a robber may be proven by direct or circumstantial evidence. *Oliver v. State*, 613 S.W.2d 270, 274 (Tex.Crim.App. [Panel Op.] 1981).

 Mrs. Patel, the owner of the store, testified that she and two other employees were present during the robbery. She also testified she did not recognize anyone in the courtroom as being the robber, but that on the night of the robbery she identified appellant at a photo lineup. Mrs. Patel further testified that she selected appellant's photograph at the lineup without help from the police.

Detective Bigley, who investigated the robbery, corroborated Mrs. Patel's testimony. He testified he showed Mrs. Patel a photo lineup of suspects the night the robbery occurred and that Mrs. Patel positively identified appellant as the person who robbed her store. Bigley further testified that Ricardo Salazar, another employee

present at the robbery, also identified appellant from the photo lineup.

The other employee, Marie Looney, who was present at the robbery, was not able to identify appellant at the photo lineup. But Looney did make an in-court identification stating that she was certain appellant, now physically before her, was the same man who robbed the store.

Hood, who lived in a trailer home next to Patel's Pantry, testified he personally knew appellant at the time of the robbery. Hood further testified appellant came to Hood's house and asked for a cigarette. Hood then watched appellant walk into Patel's Pantry and later saw appellant running out of the store.

Diane Adams, who lived in a trailer home down the street from Patel's Pantry, testified she saw appellant, whom she knows well, run down the street in front of her home immediately after the robbery was committed.

We find that a rational juror could believe appellant was the robber and that the evidence is sufficient to sustain appellant's conviction. Appellant' fourth point of error is overruled.

In his second point of error, appellant argues the trial court abused its discretion by allowing jury members to submit written questions to ask witnesses. The Court of Criminal Appeals recently held that permitting jurors to question witnesses is error and the error is not subject to a harm analysis. *Morrison v. State,* 845 S.W.2d 882 (Tex.Cr.App.1992) (*reh'g denied*). We grant appellant's second point of error and remand to the trial court for a new trial. Because we remand for a new trial, we do not address appellant's first and third points of error, challenging the accomplice witness rule and the right to make an opening statement.

Accordingly, we reverse and remand to the trial court.

JUNELL, J., not participating.