Affirmed and Memorandum Opinion filed August 26, 2004









Affirmed and Memorandum Opinion filed August 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01054-CR

____________

 

CHARLES
PHILLIP RUMMELL, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

___________________________________________________________________

 

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 02CR0916

___________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Charles Phillip Rummell
was convicted by a jury of the felony offense of aggravated robbery and
sentenced by the trial court to twenty-eight years=
confinement.  In two issues, appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction.  We affirm.








I.  Factual Background

On April 25, 2002, appellant
approached Patryce Moshay in the parking lot of a grocery store.  Appellant pointed a gun at her and demanded
her purse, which she gave to him.  Appellant
left in a white truck driven and owned by a man named Mr. Lamphere.[1]

Moshay returned to the store and
called the police.  Two officers
responded and took informal statements from her.  The next day, Moshay went to the police
station to give a written report and identified appellant in a photographic
lineup.  Appellant was subsequently
arrested and charged with aggravated robbery. 
The gun used in the robbery was recovered on a small boat owned by
Lamphere.  

II.  Standard of Review

When an appellant challenges both
the legal and factual sufficiency of the evidence, we address the legal
sufficiency challenge first because an affirmative finding on that issue will
result in rendition of a judgment of acquittal, while a finding of factual
insufficiency warrants a remand for a new trial.  Nickerson v. State, 69 S.W.3d 661, 668
(Tex. App.CWaco 2002, pet. ref=d).

In conducting a legal sufficiency
review, we must view the evidence in the light most favorable to the
prosecution and determine if any rational fact finder could have found the
crime=s
essential elements to have been proven beyond a reasonable doubt. See Jackson
v. Virginia, 443 U.S. 307, 319 (1979). 
We examine the entire body of evidence; if any evidence establishes
guilt beyond a reasonable doubt, and the fact finder believes that evidence, we
may not reverse the fact finder=s verdict
on grounds of legal insufficiency.  See
id.








In conducting a factual
sufficiency review, we view the evidence in a neutral light and set aside the
fact finder=s verdict only if (1) the
evidence supporting the verdict, when considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt; or (2) evidence
contrary to the verdict is strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Zuniga
v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21,
2004).  However, our factual sufficiency
review must be appropriately deferential so as to avoid substituting our
judgment for that of the fact finder.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  Accordingly, we are authorized to set aside
the jury=s finding
of fact only in instances where it is manifestly unjust, shocks the conscience,
or clearly demonstrates bias.  Id.
at 135.

III.  Analysis

Appellant contends the evidence
is legally and factually insufficient to support his conviction for aggravated
robbery because there is no physical evidence linking him to the robbery.  Specifically, appellant argues that the gun
and the stolen property were not recovered from him, and his fingerprints were
not found on the gun or the stolen property.

A person commits robbery if, in
the course of committing theft[2]
he: (1) intentionally, knowingly, or recklessly causes bodily injury to
another; or (2) intentionally or knowingly threatens or places another in fear
of imminent bodily injury or death.  Tex. Pen. Code Ann. ' 29.02(a)(1)B(2)
(Vernon 2003).  An aggravated robbery
occurs when a person commits robbery as defined in section 29.02 and he uses or
exhibits a deadly weapon.  Tex. Pen. Code Ann. ' 29.03(a)(2).









Although there was a lack of
physical evidence, Moshay positively identified appellant as the man who robbed
her both in a photographic lineup and at trial. 
Positive identification of a defendant by the victim of a robbery is to
be given great weight.  Jones v. State,
687 S.W.2d 430, 432 (Tex. App.CHouston
[14th Dist.] 1985, no pet.).  Further,
the credibility of the identification is supported by Moshay=s
testimony that (1) she was able to get a good look at appellant=s face;
(2) the parking lot was well-lit at the time of the robbery; and (3) he
approached to within a few feet of her. 
Moshay testified that at the time appellant pointed the gun toward her
face, she feared appellant would shoot her andCif hit in
the right placeCshe would
die.  

Morton Grant, an officer with the
League City Police Department investigating the case, testified that the gun
identified by Moshay was recovered on a boat owned by Lamphere.  Testimony elicited through Officer Grant established
that appellant lived on that boat.[3]  Appellant did not present any evidence
contradicting Moshay=s or
Officer Grant=s testimony.

Contrary to appellant=s
assertions, the fact that his fingerprints were not recovered from the weapon
or the stolen property is not dispositive. 
Officer Grant testified that the gun did not have an ideal surface for
lifting prints because the surface was shiny and slick and any fingerprints
would be easily smeared.  The mere
absence of fingerprints does not prove that appellant was not the man who
robbed Moshay.  See Santos v. State,
116 S.W.3d 447, 459 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d)
(stating rational jury could find the elements of the offense beyond a
reasonable doubt without fingerprint evidence). 









After considering the evidence in
the light most favorable to the verdict, we conclude that a rational fact
finder could have found the crime=s
essential elements to have been proven beyond a reasonable doubt.  After considering the evidence in a neutral
light, we conclude that the evidence is not too weak to support the finding of
guilt beyond a reasonable doubt, and there is no contrary evidence to weigh
against it.  Accordingly, we hold the
evidence is both legally and factually sufficient to support the conviction,
and overrule appellant=s first
and second points of error.

The judgment of the trial court
is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed August 26, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The record
does not reflect Mr. Lamphere=s first name, however, the testimony reflects that he
pleaded guilty to being the driver of the truck used in the robbery. 





[2]  A person
commits the offense of theft if he unlawfully appropriates property with the
intent to deprive the owner of property. 
Tex. Pen. Code Ann. ' 31.03(a) (Vernon Supp. 2004).  





[3]  Officer Grant
testified that during an interview Lamphere stated appellant lived on the
boat.  Additionally, Stuart Buckler,
a  guest of Lamphere=s, confirmed that appellant resided on the boat in his
statement to Officer Grant.