Affirmed and Memorandum Opinion filed December 23, 2004









Affirmed and Memorandum Opinion
filed December 23, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00030-CR

____________

 

SANTIAGO RUBIO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 964,905

__________________________________________________

 

M E M O R
A N D U M   O P I N I O N

Santiago Rubio appeals his jury
conviction for burglary of a habitation with intent to commit aggravated
robbery.  In two issues, appellant argues
the trial court erred in admitting testimony regarding the subsequent murder of
a complainant and challenges the legal and factual sufficiency of the evidence
identifying him as the perpetrator of the burglary.  We affirm.








I.  Factual and
Procedural Background

In the early morning hours of
March 18, 2003, complainant Jessica Gonzalez, her husband, Oliver Anilpas, and
their daughter were watching television together in a bedroom of their home
when two men entered the room.  One of
the men wore a ski mask and carried a shotgun. 
He pointed the gun at Anilpas=s chest
and demanded money and jewelry.  His
accomplice escorted Gonzalez to the kitchen to search for money.  The two men left the residence without taking
any property other than Anilpas=s car
keys.  Gonzalez later identified
appellant as the man wearing the ski mask based on her observations of his eyes
and eyelashes, his build, and from hearing his voice.  Appellant was charged with burglary of a
habitation with intent to commit aggravated robbery and was subsequently
convicted by a jury.  The trial court
assessed punishment at 60 years=
confinement and this appeal ensued.

In two issues, appellant claims
the trial court erred in admitting irrelevant testimony during trial and that
Gonzalez=s
identification of him is legally and factually insufficient to support his
conviction.  We first address appellant=s
sufficiency complaints, and then his challenge to the alleged irrelevant
testimony.

II.  Is the
Evidence Sufficient to Support the Conviction?

A.        Standards of Review

In a legal sufficiency review, we consider all the evidence
in a light most favorable to the verdict and determine whether a rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
During our review, we do not reevaluate the weight or credibility of the
evidence; our role is to ensure the jury reached its verdict rationally. Johnson
v. State, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998).  We affirm the decision if any rational trier
of fact could have found the elements of the crime beyond a reasonable
doubt.  McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997).








In conducting a factual sufficiency review, we view the
evidence in a neutral light and set aside the verdict only if (1) the evidence
supporting the verdict, if taken alone, is too weak to support a verdict of
guilt beyond a reasonable doubt, or (2) the contrary evidence is so strong that
the State could not have met its burden of proof beyond a reasonable
doubt.  Zuniga v. State, 144
S.W.3d 477, 484B85 (Tex. Crim. App. 2004). 
In our evaluation of the evidence, we must be deferential to the jury=s findings and avoid substituting our
judgment for that of the fact finder.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  As the trier of fact, the jury alone judges
the credibility of the witnesses and the strength of the evidence.  Herrero v. State, 124 S.W.3d 827, 832
(Tex. App.CHouston [14 Dist.] 2003, no pet.).

B.        Application

The State was required to prove beyond a reasonable doubt
that appellant committed the burglary.  Johnson v. State, 673 S.W.2d 190, 196
(Tex. Crim. App. 1984); Smith v. State, 56 S.W.3d 739, 744 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
A defendant=s identity may be proved through either direct or
circumstantial evidence.  Roberson v.
State, 16 S.W.3d 156, 167 (Tex. App.CAustin 2000, pet. ref=d). 
Further, positive identification of a defendant by the victim of a
robbery is to be given great weight. 
Haywood v. State, 507 S.W.2d 756, 758 (Tex. Crim. App. 1974); Jones
v. State, 687 S.W.2d 430, 432 (Tex. App.CHouston [14th Dist.] 1985, no pet.); see
also Davis v. State, 831 S.W.2d 839, 842 (Tex. App.CDallas 1992, pet. ref=d) (upholding conviction based on
victim=s positive identification, despite
defendant=s offer of five alibi witnesses that
testified he was in another state when the crime occurred).  A victim=s in-court
identification is sufficient to establish the identity of the perpetrator of a
robbery.  Jones, 687 S.W.2d at
432.    








At trial, Gonzalez stated that
she had known appellant for three years prior to the burglary because he dated
Anilpas=s
sister.  Gonzalez testified she became
familiar with appellant=s voice
and build because he had attended family gatherings.  She stated that when the burglars confronted
her and Anilpas, she realized one of them was appellant, despite the ski mask,
because she instantly recognized his eyes and voice.  She also stated that she was 100 percent sure
of appellant=s identity because in addition to
his eyes, eyelashes, and voice, she recognized his build.  In court, Gonzalez unequivocally identified
appellant as one of the burglars.  

Appellant attacks this
identification evidence as insufficient to support his conviction because it is
Aweak and
unreliable.@ 
Appellant cites to Webb v. State and contends we must evaluate
the reliability of Gonzalez=s
testimony under Webb=s
totality-of-the-circumstances test.[1]  760 S.W.2d 263, 269 (Tex. Crim. App.
1988).  Appellant=s reliance
on Webb, however, is misplaced because Webb=s
totality review is applicable only when the in-court identification is
allegedly tainted by an overly suggestive pretrial identification
procedure.  Id.; see also Loserth
v. State, 963 S.W.2d 770, 771B72 (Tex.
Crim. App. 1998); McAllister v. State, 28 S.W.3d 72, 77 (Tex. AppCTexarkana
2000, no pet.) (stating the totality test from Webb is applicable to
determine whether an impermissibly suggestive pretrial identification created a
substantial likelihood of misidentification). 
As no such claim is made here, we do not review Gonzalez=s
testimony for reliability under Webb. 
Rather, we review Gonzalez=s
identification according to the standards set out above, bearing in mind that
the jury acts as the ultimate arbiter of witness credibility.  See Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003). 








As noted, Gonzalez unequivocally
identified appellant as the perpetrator of the burglary based on his eyes and
eyelashes, his voice, and build.  In
addition, Gonzalez testified she was familiar with appellant because she had
known him for three years prior to the burglary, and instantly recognized his
voice when he entered her home. 
Appellant=s
argumentCthat the
identification is unreliable because the burglar wore a ski mask and Gonzalez=s degree
of attention was insufficientCgoes to
Gonzalez=s
credibility and is judged by the jury.  See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.1999) (stating the
jury alone determines the credibility of the witnesses and the strength of the
evidence).

Viewing Gonzalez=s testimony
in the light most favorable to the verdict, we hold it is legally sufficient to
support appellant=s
conviction.  King, 29 S.W.3d at 562.  Furthermore, when viewed impartially, we
conclude Gonzalez=s
identification, taken alone, is not so weak that the State was unable to meet
its burden of proof beyond a reasonable doubt. 
Zuniga, 144 S.W.3d at 484B85.  Thus, the evidence is both legally and
factually sufficient to sustain appellant=s
conviction.  Accordingly, we overrule
appellant=s second issue.

III.  Did the
Trial Court Err in Admitting Evidence of Anilpas=s Murder?

In his remaining issue, appellant
contends the trial court erred in admitting a portion of Gonzalez=s
testimony in which she stated that Anilpas was unavailable to testify at trial
because he had been murdered sometime after the burglary occurred.  During Gonzalez=s
testimony, the following exchange took place: 

Q (by the prosecutor):  Now, your husband, Oliver, he=s not here today, is he?

A (by Gonzalez):  No, he=s not.

Q:  Would you tell the jury why he=s not here?

A:  He=s dead.

Q:  How did he die?

A:  They murdered him.

Q:  NowC

By defense counsel:  I=m sorry, I didn=t understand.

By the
prosecutor:  They murdered him.

Q (by the
prosecutor):  So your husband was murdered?

A:  Yes.

Q:  When?








By defense counsel:  I object to the relevance of
anything further about what happened to her husband.

By the Court:  I=ll let her establish a
time frame.

Q (by the
prosecutor):  About when was Oliver
murdered?

A:  July the 2nd.

 

Appellant argues that the testimony
implicates appellant as the murderer and thus, should not have been admitted
because it is irrelevant to appellant=s guilt
for the burglary.  In response, the State
argues that appellant failed to preserve this complaint with a timely, specific
objection to the admission of the testimony. 
We agree with the State.

To preserve error regarding the
improper admission of evidence, the appellant must make a timely and specific
objection to the complained-of evidence at trial.  Tex.
R. App. P.  33.1(a); Ramirez v.
State, 74 S.W.3d 152, 154 (Tex. App.CAmarillo
2002, pet. ref=d).  Failure to do so waives any error in the
admission of the evidence. Boyington v. State, 787 S.W.2d 469, 470B71 (Tex.
App.CHouston
[14th Dist.] 1990, pet. ref=d).  To be timely, a party must object either (1)
before the evidence is admitted, if possible, or (2) if not possible to object
before the evidence is admitted, as soon as the objectionable nature of the
evidence becomes apparent.  Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  An appellant=s
objection is untimely, and error is waived, if he fails to object until after
an objectionable question has been asked and answered and he can show no
legitimate reason to justify the delay.  Dinkins
v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995).    








Although appellant argues that
the testimony regarding the murder was irrelevant, he did not lodge a timely
objection to the relevancy of the fact of the murder itself at trial.  Rather than objecting as soon as the subject
of the murder came up or immediately after Gonzalez answered the question about
the murder, appellant objected after a subsequent questioned was asked and
answered.  Because the objectionable
nature of the testimony was apparent as soon as Gonzalez answered, appellant
must have objected at that time in order to be timely.  See Aguilar v. State, 26 S.W.3d 901,
905B06 (Tex.
Crim. App. 2000).  Appellant=s
objection came too late and, thus, preserved nothing for our review.  Dinkins, 894 S.W.2d at 355; see
also Leach v. State, 770 S.W.2d 903, 907 (Tex. App.CCorpus
Christi 1989, pet. ref=d)
(noting where a question is asked and answered prior to an objection and no
motion to withdraw testimony from the jury is made, no error is presented for
review).  Accordingly, appellant=s
remaining issue is overruled.  See Tex. R. App. P. 33.1(a).

We affirm the trial court=s
judgment.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed December 23, 2004.

Panel consists of Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The Webb
court adopted the following list of nonexclusive factors A[t]o be weighed against the corrupting effect of any
suggestive identification procedure@ when
assessing the reliability of a witness=s
identification under the totality of the circumstances: (1) the opportunity of
the witness to view the criminal at the time of the crime, (2) the witness= degree of attention, (3) the accuracy of his prior
description of the criminal, (4) the level of certainty demonstrated at the
confrontation, and (5) the time between the crime and the confrontation.  Webb v. State, 760 S.W.2d 263, 269
(Tex. Crim. App. 1988).