BECK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-167-CR

JAMES EDWARD BECK, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

Appellant was indicted for aggravated robbery with a deadly weapon and pleaded not guilty.  A jury found Appellant guilty, and the trial court sentenced him to fifty years’ confinement.  In one point, Appellant argues that the evidence was legally insufficient to sustain his conviction.
(footnote: 2)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Andrew Mech testified that on July 4, 2002, he was working at Cigarettes Cheaper in Arlington and at approximately 11:30 a.m., a man walked into the store, whom Mech identified in court as Appellant.  According to Mech, Appellant walked into the store with his hand behind his back, approached the counter, and asked Mech for cigarettes.  While Mech was helping Appellant, another man entered and headed for the back of the store.  Mech asked Appellant how many cartons he needed and Appellant replied, “All of them.”  Mech turned to look back at Appellant, and he saw Appellant pointing a handgun at him.  Mech testified that Appellant was approximately two to three feet away from him at this time.  Mech told Appellant he would cooperate, and Appellant told him, “Stay the fuck away from that button or I’ll fucking pop you.  I know there’s a button back there.”  Mech testified that Appellant was referring to the panic button that was behind the counter.  

Mech testified that he knelt on the ground, where he saw Appellant jump over the counter and pull out trash bags from his pocket.  The second man who had entered the store came around the back of the counter, and Appellant handed him one of the trash bags.  Both men proceeded to fill their trash bags with cigarettes and they exited the store.  Mech saw them get into a rusty, red hatchback-type vehicle and, once they began to leave, Mech locked the door and pushed the panic button.  Mech met with Detective Nutt of the Arlington Police Department and was shown a photo lineup.  Mech testified that he was unable to positively identify Appellant from the lineup, but he did state that he was able to narrow the lineup down to two pictures. 

Fannie Hayes testified that on July 4, 2002, she was working at Fantastic Sams, which was located next door to Cigarettes Cheaper.  At approximately 11:30 a.m., Hayes observed a vehicle pull up to Cigarettes Cheaper and she saw the driver exit the vehicle and enter the store.  Hayes positively identified Appellant in court as the driver of the vehicle and the man that she saw enter Cigarettes Cheaper.   

Hayes further testified that shortly after the driver entered the store, the passenger of the vehicle exited the vehicle and also entered Cigarettes Cheaper.  Shortly thereafter, Hayes observed both men exiting the store with a clear trash bag filled with cigarettes and saw them put the bag in the trunk of their vehicle and drive off.  Hayes was able to write down the license plate number of the vehicle and provided it to the first officer to arrive at the scene.  Hayes met with Detective Nutt approximately two weeks after she witnessed the robbery, and she was also shown a photo lineup.  She testified that she was able to narrow the lineup down to two pictures, and one was that of Appellant.   Detective Nutt testified that upon being assigned this case he investigated the license plate number provided by Hayes.  Through this investigation, Detective Nutt discovered that Appellant had been issued two traffic citations in this vehicle on June 7th and 8th of 2002.  The State entered into evidence the photocopies of these citations, showing that the license plate number on these citations issued to Appellant matched the license plate number provided by Hayes.  Detective Nutt assembled a photo lineup that he showed to both Mech and Hayes.  Detective Nutt testified that Mech did not make a positive identification of Appellant from the lineup, and that Hayes selected two pictures, one of which was a picture of Appellant.  Detective Nutt obtained an arrest warrant for Appellant, and after he was arrested, Appellant provided a written confession to this offense, but denied using a gun.   

Appellant did not call any witnesses, and during closing arguments, his counsel conceded, “I don’t think there’s an issue as to whether [Appellant] was in there, whether he robbed Andrew Mech.”  The jury found Appellant guilty, and the trial court sentenced him to fifty years’ confinement. 

LEGAL SUFFICIENCY

Appellant argues on appeal that the evidence is legally insufficient to sustain his conviction.  However, Appellant only specifically contends that “the flawed identification of the appellant calls the verdict into question.” 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Positive in-court identification of a defendant by complainants of a robbery is to be given great weight. 
 Jones v. State
, 687 S.W.2d 430, 432 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (holding that the in-court identification by four witnesses of appellant as the perpetrator was sufficient to establish that he was the one who committed the acts in question); 
see also
 
Haywood v. State
, 507 S.W.2d 756, 758 (Tex. Crim. App. 1974)
.  The positive identification of a defendant as the perpetrator is sufficient to support a conviction.  
Cate v. State
, 124 S.W.3d 922, 928 (Tex. App.—Amarillo 2004, pet. ref’d).  The identity of a robber may be proven by direct or circumstantial evidence.  
Ford v. State
, 852 S.W.2d 641, 642 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

As detailed above, Appellant was positively identified in court by Andrew Mech and Fannie Hayes.  Additionally, Appellant was found to have received traffic citations in the vehicle identified by Hayes as being used in the robbery approximately one month before this offense occurred.  Furthermore, Appellant provided a written confession to Detective Nutt after his arrest.  Moreover, Appellant conceded at trial that he committed this robbery, only contesting the issue of whether he had actually displayed a handgun during its commission.  Therefore, based on this evidence, we hold that any rational trier of fact could have found beyond a reasonable doubt that Appellant was the perpetrator of this offense.  Accordingly, we overrule Appellant’s sole point.
(footnote: 3)
CONCLUSION

We affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 30, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
This cause was originally submitted as a frivolous appeal.  This court initially abated on September 10, 2004 for appointment of new counsel after we identified at least two arguable points for appeal.  Appellant’s new counsel filed a brief on the merits but failed to address the issues identified by this court.  Consequently, we ordered that appellate counsel file an amended brief addressing the issues identified by this court, or in the alternative, indicating why these issues lacked merit.  Appellate counsel filed an amended brief, in which he effectively argues that these identified issues lack merit.

3:
After Appellant was appointed new counsel and counsel had filed his brief on the merits, Appellant filed a motion in this court entitled “Motion to Dismiss Appeal Attorney.”  In this motion, Appellant seeks to have his second appointed counsel dismissed and new counsel appointed or in the alternative, for his appointed counsel to rebrief.  A criminal defendant is not entitled to appointed counsel of choice.  
Dunn v. State
, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991), 
cert. denied
, 506 U.S. 834 (1992).  Further, as indicated above, Appellant’s counsel has rebriefed, indicating to our satisfaction why the potential issues identified by this court lack merit.  Accordingly, we deny Appellant’s motion.