COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-167-CR
 
 
JAMES 
EDWARD BECK, JR.                                                   APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Appellant 
was indicted for aggravated robbery with a deadly weapon and pleaded not guilty.  
A jury found Appellant guilty, and the trial court sentenced him to fifty 
years’ confinement.  In one point, Appellant argues that the evidence was 
legally insufficient to sustain his conviction.[2]   
We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        Andrew 
Mech testified that on July 4, 2002, he was working at Cigarettes Cheaper in 
Arlington and at approximately 11:30 a.m., a man walked into the store, whom 
Mech identified in court as Appellant.  According to Mech, Appellant walked 
into the store with his hand behind his back, approached the counter, and asked 
Mech for cigarettes.  While Mech was helping Appellant, another man entered 
and headed for the back of the store.  Mech asked Appellant how many 
cartons he needed and Appellant replied, “All of them.”  Mech turned to 
look back at Appellant, and he saw Appellant pointing a handgun at him.  
Mech testified that Appellant was approximately two to three feet away from him 
at this time. Mech told Appellant he would cooperate, and Appellant told him, 
“Stay the fuck away from that button or I’ll fucking pop you.  I know 
there’s a button back there.”  Mech testified that Appellant was 
referring to the panic button that was behind the counter.
        Mech 
testified that he knelt on the ground, where he saw Appellant jump over the 
counter and pull out trash bags from his pocket.  The second man who had 
entered the store came around the back of the counter, and Appellant handed him 
one of the trash bags.  Both men proceeded to fill their trash bags with 
cigarettes and they exited the store.  Mech saw them get into a rusty, red 
hatchback-type vehicle and, once they began to leave, Mech locked the door and 
pushed the panic button.  Mech met with Detective Nutt of the Arlington 
Police Department and was shown a photo lineup.  Mech testified that he was 
unable to positively identify Appellant from the lineup, but he did state that 
he was able to narrow the lineup down to two pictures.
        Fannie 
Hayes testified that on July 4, 2002, she was working at Fantastic Sams, which 
was located next door to Cigarettes Cheaper.  At approximately 11:30 a.m., 
Hayes observed a vehicle pull up to Cigarettes Cheaper and she saw the driver 
exit the vehicle and enter the store.  Hayes positively identified 
Appellant in court as the driver of the vehicle and the man that she saw enter 
Cigarettes Cheaper.
        Hayes 
further testified that shortly after the driver entered the store, the passenger 
of the vehicle exited the vehicle and also entered Cigarettes Cheaper.  
Shortly thereafter, Hayes observed both men exiting the store with a clear trash 
bag filled with cigarettes and saw them put the bag in the trunk of their 
vehicle and drive off.  Hayes was able to write down the license plate 
number of the vehicle and provided it to the first officer to arrive at the 
scene.  Hayes met with Detective Nutt approximately two weeks after she 
witnessed the robbery, and she was also shown a photo lineup.  She 
testified that she was able to narrow the lineup down to two pictures, and one 
was that of Appellant.
        Detective 
Nutt testified that upon being assigned this case he investigated the license 
plate number provided by Hayes.  Through this investigation, Detective Nutt 
discovered that Appellant had been issued two traffic citations in this vehicle 
on June 7th and 8th of 2002.  The State entered into evidence the 
photocopies of these citations, showing that the license plate number on these 
citations issued to Appellant matched the license plate number provided by 
Hayes.  Detective Nutt assembled a photo lineup that he showed to both Mech 
and Hayes.  Detective Nutt testified that Mech did not make a positive 
identification of Appellant from the lineup, and that Hayes selected two 
pictures, one of which was a picture of Appellant.  Detective Nutt obtained 
an arrest warrant for Appellant, and after he was arrested, Appellant provided a 
written confession to this offense, but denied using a gun.
        Appellant 
did not call any witnesses, and during closing arguments, his counsel conceded, 
“I don’t think there’s an issue as to whether [Appellant] was in there, 
whether he robbed Andrew Mech.”  The jury found Appellant guilty, and the 
trial court sentenced him to fifty years’ confinement.
LEGAL SUFFICIENCY
        Appellant 
argues on appeal that the evidence is legally insufficient to sustain his 
conviction.  However, Appellant only specifically contends that “the 
flawed identification of the appellant calls the verdict into question.”
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 
319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and 
credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04 
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 
2000).  Thus, when performing a legal sufficiency review, we may not 
re-evaluate the weight and credibility of the evidence and substitute our 
judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  
We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
        Positive 
in-court identification of a defendant by complainants of a robbery is to be 
given great weight.  Jones v. State, 687 S.W.2d 430, 432 (Tex. 
App.—Houston [14th Dist.] 1985, no pet.) (holding that the in-court 
identification by four witnesses of appellant as the perpetrator was sufficient 
to establish that he was the one who committed the acts in question); see 
also Haywood v. State, 507 S.W.2d 756, 758 (Tex. Crim. App. 1974).  
The positive identification of a defendant as the perpetrator is sufficient to 
support a conviction.  Cate v. State, 124 S.W.3d 922, 928 (Tex. 
App.—Amarillo 2004, pet. ref’d).  The identity of a robber may be 
proven by direct or circumstantial evidence.  Ford v. State, 852 
S.W.2d 641, 642 (Tex. App.—Houston [14th Dist.] 1993, no pet.).
        As 
detailed above, Appellant was positively identified in court by Andrew Mech and 
Fannie Hayes.  Additionally, Appellant was found to have received traffic 
citations in the vehicle identified by Hayes as being used in the robbery 
approximately one month before this offense occurred.  Furthermore, 
Appellant provided a written confession to Detective Nutt after his arrest.  
Moreover, Appellant conceded at trial that he committed this robbery, only 
contesting the issue of whether he had actually displayed a handgun during its 
commission.  Therefore, based on this evidence, we hold that any rational 
trier of fact could have found beyond a reasonable doubt that Appellant was the 
perpetrator of this offense.  Accordingly, we overrule Appellant’s sole 
point.[3]
CONCLUSION
        We 
affirm the trial court’s judgment.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
  
PANEL 
B: DAUPHINOT, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 30, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
This cause was originally submitted as a frivolous appeal.  This court 
initially abated on September 10, 2004 for appointment of new counsel after we 
identified at least two arguable points for appeal. Appellant’s new counsel 
filed a brief on the merits but failed to address the issues identified by this 
court. Consequently, we ordered that appellate counsel file an amended brief 
addressing the issues identified by this court, or in the alternative, 
indicating why these issues lacked merit.  Appellate counsel filed an 
amended brief, in which he effectively argues that these identified issues lack 
merit.
3.  
After Appellant was appointed new counsel and counsel had filed his brief on the 
merits, Appellant filed a motion in this court entitled “Motion to Dismiss 
Appeal Attorney.”  In this motion, Appellant seeks to have his second 
appointed counsel dismissed and new counsel appointed or in the alternative, for 
his appointed counsel to rebrief.  A criminal defendant is not entitled to 
appointed counsel of choice.  Dunn v. State, 819 S.W.2d 510, 520 
(Tex. Crim. App. 1991), cert. denied, 506 U.S. 834 (1992).  Further, 
as indicated above, Appellant’s counsel has rebriefed, indicating to our 
satisfaction why the potential issues identified by this court lack merit.  
Accordingly, we deny Appellant’s motion.