**Opinion issued June 10, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00807-CR**

———————————

**JUAN BECERRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1366900**

**MEMORANDUM OPINION**

A jury convicted Juan Becerra of aggravated assault with a deadly weapon and assessed punishment at three years' confinement.[1] In two issues, Becerra

---

[1]   *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2013) (criminalizing intentionally, knowingly, or recklessly causing bodily injury to another); *see also*

contends that (1) the trial court erred in denying his motion for a directed verdict, and (2) there was insufficient evidence for the jury to find him guilty beyond a reasonable doubt. We construe Becerra's claims as a challenge to the sufficiency of the evidence. We affirm.

## Background

One evening, Huver Rodriguez and his wife, Daisy Alva, went to a local nightclub. According to Daisy, sometime after midnight, she and Rodriguez were dancing when a man walked up behind Rodriguez and hit Rodriguez on the back of the head with a beer bottle. Upon impact, Rodriguez fell to the ground. The man who hit him looked down at Rodriguez and apologized, saying that he had confused Rodriguez for a man who "took his girl away from him." Daisy and a family member helped Rodriguez to his feet and the nightclub security guard took Daisy, Rodriguez, and his assailant outside.

While they were standing outside, one of the security guards noticed that Rodriguez had a "big cut" on the left side of his neck and told Daisy to take him to the emergency room. Daisy's friend drove Daisy and Rodriguez to the hospital; the assailant rode with them and sat in the front seat of the car. At the hospital, medical staff checked Rodriguez's vital signs and treated his neck wound. Meanwhile, Daisy watched as the assailant approached hospital staff and attempted to pay

TEX. PENAL CODE ANN. § 22.02 (West 2011) (defining assault with deadly weapon as using or exhibiting a deadly weapon during commission of assault).

2

Rodriguez's medical bills. According to Daisy, the medical staff did not accept payment and told him to sit and wait. The assailant was with Daisy and Rodriguez the entire time—he was present at the time of the assault at the club, during the ride to the hospital, and while Rodriquez received medical treatment at the hospital.

While Rodriguez was being treated, Daisy saw Houston Police Officer J. Nelson talking to the man who had ridden with them to the hospital. Daisy testified that she told Officer Nelson that the man with whom he was talking was the man who had hit Rodriguez. Officer Nelson testified that he asked the man to come towards him and the man said "[I]t's okay, it's okay, it was an accident." According to Nelson, the man was "sorry for what he did." Officer Nelson then handcuffed and arrested him.

At trial, Officer Nelson testified that Becerra was the man whom he had arrested and that Daisy had positively identified him while they were still at the hospital. He also confirmed that Becerra had taken responsibility for the assault. Daisy and Rodriguez, however, did not recognize Becerra at trial.

At the close of the State's case, Becerra moved for a directed verdict because "there [was] no testimony that link[ed] Juan [Becerra] in any way to Huver [Rodriguez's] injury." The trial court denied Becerra's motion.

3

The jury found Becerra guilty of aggravated assault and assessed punishment at three years' confinement.

Becerra timely appealed.

**Sufficiency of the Evidence**

Becerra challenges the sufficiency of the evidence to support his conviction. Specifically, he contends that there was not sufficient evidence identifying him as the person who had "intentionally, knowingly, or recklessly caused bodily injury" to Rodriguez using a deadly weapon.

**A.** **Standard of review**

A challenge to a trial court's ruling on a motion for a directed verdict is actually a challenge to the legal sufficiency of the evidence to support the conviction. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003). We review Becerra's challenge to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia,* 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979). *See Ervin v. State,* 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010)). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged

offense was proven beyond a reasonable doubt. 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

We consider direct and circumstantial evidence, and all reasonable inferences in support of the verdict that may be drawn from the evidence in making our determination. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Under *Jackson*, evidence is insufficient in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; or (4) the acts alleged do not constitute the criminal offense charged. *See Jackson,* 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *Laster,* 275 S.W.3d at 518; *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson,* 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton,* 235 S.W.3d at 778. An appellate court presumes the factfinder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793. If an appellate court finds the evidence insufficient under this standard, it

must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida,* 457 U.S. 31, 40–41, 102 S. Ct. 2211, 2217–18 (1982).

## B. Sufficiency of evidence supporting conviction

Becerra's contentions regarding the sufficiency of the evidence focus on the evidence identifying him as Rodriguez's assailant. Specifically, Becerra contends that he was "unequivocally NOT recognized . . . by the only two eye-witnesses." [2]

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another person. TEX. PENAL CODE ANN. § 22.01 (West Supp. 2013). A person commits aggravated assault if he uses or exhibits a deadly weapon while committing the assault. TEX. PENAL CODE ANN. § 22.02 (West 2011). Bodily injury is defined as "physical pain, illness or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2013). A "deadly weapon" is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2013); *Sullivan v. State*, 248 S.W.3d 746, 751 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

The identity of the person committing the offense is an element of the crime that must be proved. *See Greene v. State,* 124 S.W.3d 789, 792 (Tex. App.—

---

[2] Becerra does not challenge or address any other elements of the crime of aggravated assault with a deadly weapon.

Houston [1st Dist.] 2003, pet. ref'd) (noting defendant's identity can be proved by direct or circumstantial evidence and that eyewitness identification is not necessary). We review the totality of the circumstances to determine whether there is sufficient evidence that a defendant is the individual who committed the offense. *Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981). Identity may be proven by direct or circumstantial evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *see also Ford v. State*, 852 S.W.2d 641, 642 (Tex. App.—Houston [14th Dist.] 1993, no pet.). The testimony of one eyewitness is sufficient to uphold a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Shah v. State*, 403 S.W.3d 29, 35 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (same). A positive, in-court identification of a defendant is likewise sufficient to support a conviction. *Jones v. State*, 687 S.W.2d 430, 432 (Tex. App.—Houston [14th Dist.] 1985, no pet.); *see Johnson v. State,* 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding eyewitness identification was sufficient to support conviction when complainant saw appellant only on night that he robbed her, but complainant testified she recognized appellant by his face and eyes); *Walker v. State,* 180 S.W.3d 829, 832–33 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding identification by only one eyewitness was sufficient to support conviction when appellant robbed complainant at gunpoint and robbery lasted less than one minute). Conflicting

witness testimony does not preclude a factfinder from finding a defendant guilty. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (upholding guilty verdict even though victim misidentified defendant at trial but correctly identified defendant at time of his arrest).

In *Ford v. State*, the court of appeals considered a defendant's challenge to the sufficiency of the evidence of his identity as the person who had robbed a convenience store. 852 S.W.2d at 642. Even though the owner of the store testified at trial that she did not recognize the robber in the courtroom, she did positively identify Ford in a photo lineup on the night of the robbery. *Id.* Based on the store owner's positive identification of Ford on the night of the robbery and other witness testimony as to the robber's identity, the court held there was sufficient evidence to support a finding of guilt. *Id.* at 642–43.

Likewise, in *Earls v. State*, the Court of Criminal Appeals held that there was sufficient evidence of the defendant's identity—despite eyewitness trial testimony misidentifying a member of the jury as the man responsible for the crime. 707 S.W.2d at 85. The Court determined that there was sufficient evidence of Earls's identity because an eyewitness testified that he and the perpetrator were the only ones in the store during the robbery and that police arrested the perpetrator of the offense. *Id.*

Similarly, while Rodriguez did not see his assailant, and his wife, Daisy, did not recognize Becerra at trial, there was evidence adduced at trial from which a rational factfinder could have found that Becerra was the assailant. Officer Nelson testified that Rodriquez's wife pointed to Becerra in the hospital waiting room and "very positive[ly]" identified Becerra as the man who had hit Rodriguez. According to Nelson, after Daisy identified Becerra, Nelson flagged Becerra to come toward him. Before Officer Nelson said anything, Becerra "just came out and said something along the lines of: 'it's okay, it's okay.'" Nelson then handcuffed and arrested Becerra.

Daisy testified that the person whom Officer Nelson arrested was the man who hit her husband and rode in the car with them from the nightclub to the hospital. According to Daisy, the man apologized for hitting Rodriguez, explaining that he had confused Rodriguez with another man he suspected "took his girl away from him." Daisy testified that while Rodriguez was still being treated at the hospital, she saw Officer Nelson arrest her husband's assailant. She also confirmed that the man whom Nelson arrested had tried to pay Rodriguez's hospital bills.

We defer to the jury's determination regarding the weight evidence should be given when it depends on a witness's credibility or demeanor. *Williams*, 235 S.W.3d at 750. We presume the jury reconciled any inconsistencies within witness testimony in favor of the conviction. *Clayton*, 235 S.W.3d at 778. The jury could

9

have relied upon Nelson's in-court identification of Becerra, Daisy's testimony that Officer Nelson arrested the person in the hospital who was responsible for the assault, evidence that the same person who was arrested also attempted to pay Rodriguez's hospital bills, and Nelson's testimony regarding Becerra's conduct when he arrested him—specifically that Becerra appeared to take responsibility for the assault.

We conclude that there is sufficient evidence to support Becerra's identification and, therefore, that the evidence is sufficient to support the conviction.

## Conclusion

We affirm.

Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).