**Thomas Lewis HAYWOOD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47877.**

Court of Criminal Appeals of Texas.

April 10, 1974.

Ramon Dasch, Austin, for appellant.

Robert O. Smith, Dist. Atty., Larry Laden, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted, in a trial before a jury, of robbery by assault. He received the mandatory life sentence pursuant to the enhancement statute Art. 62, Vernon's Ann.P.C.

At the outset, we observe that the appellant challenged in his seventh ground of error the sufficiency of the evidence to sustain the conviction.

The record reflects that on the night of December 16, 1972, at approximately 11:00 p. m., John Reyes, employee in charge at the time of the Billups Service Station No. 1 on the Bastrop Highway, was held up by a lone robber who had pulled into the station to get some gasoline. There were two attendants on duty at the time, John and his brother Joe Reyes. After the car tank had been filled, the robber, identified as appellant, got out of his car, walked over to the register and said to John Reyes something to the effect of "this is a rob-

bery, keep cool and nobody will get hurt." He had a pistol wrapped or partially covered with a hankerchief. After emptying the cash register the robber told John Reyes not to turn around, then jumped into his car and left the station. Joe Reyes got a license number as did John Reyes, although the two did not agree.

The brothers than called the police and an officer by the name of Villegas was sent to the station. Later, Sgt. Spain was assigned to investigate and write the main report on the robbery. The license numbers given by the two brothers were checked by the Department of Public Safety and were traced to a Chevrolet belonging to the appellant and a Pontiac belonging to a James O. Nance. Both witnesses stated that the vehicle of the robber was a white over gold Pontiac. The description of the robber given to Sgt. Spain was of a negro-male, drunken condition, 5 feet, 8 inches, 135 pounds, needing a shave, very noticeable acne scars, and marks on the face, squinty eyes, wearing dark trousers with a white thermal type shirt. Units of the Austin Police Department were alerted to be on the lookout for such a vehicle and individual.

Four hours later patrolman Miller observed a Chevrolet with very loud exhausts pass him as he was sitting at 12th and Springdale Road. He thought he recognized a suspect on the passenger side for whom he had some arrest warrants for aggravated assault. He pursued and stopped the vehicle. Officer Miller became suspicious that this was the armed robbery vehicle when he noticed the license number which was one of the two numbers given at the scene of the robbery. With the help of another officer at the scene, he searched the two suspects, one of whom was appellant, and recovered $138.00 from the appellant. No weapon was found. Nor was the passenger the person whom he thought he had recognized. However, he concluded that the appellant was intoxicated and placed him under arrest for driving while intoxicated and suspicion of armed rob-

bery. At the time the appellant was wearing a wide brim black hat, brown jacket and maroon shirt and gray-green striped pants. The appellant did not have any acne scars. The color of appellant's Chevrolet was white over green.

■ At the trial the two victims positively identified the appellant as the person who had robbed them. They were less than positive concerning their original description of the robber's vehicle. The State introduced evidence which showed the appellant had purchased a pistol the day before the robbery. It was established that James O. Nance, to whom the other license number was traced, had been stationed at nearby Bergstrom Air Force Base but discharged prior to the offense in question. His whereabouts at the time of the offense was in dispute. He was not present at the trial and reportedly living in St. Louis, Missouri. It was established, however, that James O. Nance did not look like the appellant and his car was a Pontiac with a dark top over a light colored body.

In support of appellant's contention of insufficient evidence he notes numerous discrepancies in the State's evidence concerning the original description of the robber and his vehicle. However, both victims positively identified the appellant as the one who committed the robbery. The robber did not attempt to conceal his identity in any manner. The light was more than adequate and both victims had sufficient time to observe the robber at the time of the crime. This Court will give great weight to the positive identification of a defendant by the victim. In Murry v. State, 413 S.W.2d 117 (Tex.Cr.App.1967), the positive identification of the victim was held to be sufficient to sustain the conviction of robbery in a situation similar to the present case. E. g., Hall v. State, 466 S.W.2d 762 (Tex.Cr.App.1971); Gibson v. State, 411 S.W.2d 735 (Tex.Cr.App. 1967). Furthermore, in the present case, the license number of appellant's car matches exactly the number reported by

one of the victims. In viewing the evidence most favorable to the jury's verdict we find the evidence was sufficient to support the verdict.

Appellant's seventh ground of error is overruled.

In the first ground of error, appellant contends the trial court erred in not permitting defense counsel to examine Sgt. Spain's offense report. The trial court denied such request because Sgt. Spain was called as a witness by the defense and not the State. No surprise on the part of the defense was claimed of the testimony given by him. See McLain v. State, 383 S.W.2d 407 (Tex.Cr.App.).

In Texas there are two rules which establish the right of criminal defendants to inspect documents in the possession of the State during the conduct of a trial—the so-called "Gaskin Rule" [1] and the "use before the jury rule."

 Under the "Gaskin Rule" when a *witness for the State* has made a report or has given a statement prior to testifying, the defendant, after a timely and specific motion, is entitled to inspect and use such prior and available report or statement for cross-examination and impeachment purposes. Howard v. State, 505 S.W.2d 306 (Tex.Cr.App.); Zanders v. State, 480 S.W.2d 708 (Tex.Cr.App.1972); Jackson v. State, 506 S.W.2d 620 (Tex.Cr.App.1974). Under the "use before the jury rule" a defendant is entitled to inspect, upon his timely request, any document, instrument, or statement which has been *used by the State* before the jury in such a way that its contents become an issue. White v. State, 478 S.W.2d 506, 511 (Tex.Cr.App.1972); Sewell v. State, 367 S.W.2d 349, 351 (Tex.Cr.App. 1963).

 It is clear neither rule will allow appellant inspection of the offense report in this case. Both the "Gaskin Rule" and "the use before the jury rule" come into

play only through the action of the State. In the present case the witness was called by the defense; therefore, not having shown any surprise at the testimony of the witness, appellant was not in a position to impeach or cross-examine him. The record shows that the existence of the offense report was brought out only by the appellant on cross-examination of State's witnesses and in his direct examination of Sgt. Spain. However, appellant did not ask for Spain's report for purposes of cross-examination or impeachment of any of the State's witnesses at the time any State's witness was on the stand. Neither did appellant make any statement to the trial court that he wished to use Spain's report for purposes of cross-examination of any State's witness. Although the fact that Spain had made a written offense report was first brought out on the trial in the cross-examination of State's witness Officer Villegas, whose supplementary report was furnished appellant, there was no request made by appellant for Spain's report until Spain was placed on the stand by appellant, and no further request was made for it at any subsequent time.

Under Article 39.14, Vernon's Ann.C.C.P., this Court has not allowed unlimited discovery of offense reports. Bradshaw v. State, 482 S.W.2d 233 (Tex.Cr.App.1972); Hart v. State, 447 S.W.2d 944 (Tex.Cr. App.). To allow the defendant in this case to inspect the report of a witness called by the defense would circumvent completely the exception for such statements in Art. 39.14.

 Appellant also contends that the defense attorney should have been allowed to examine the offense report pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The holding of *Brady* is that the presence of expulpatory evidence should be disclosed by the State to defense counsel as a matter of due process. The record does not indicate how appellant became aware of the substance in

1. Guskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1961).

Sgt. Spain's offense report. However, the record does show that appellant did have knowledge of those facts in the pre-trial hearing, and on the trial conducted a vigorous cross-examination of the State's witnesses concerning matters in the offense report. The requirements of *Brady* were met. If defense counsel has actual knowledge of facts which were allegedly withheld by the prosecution, defendant cannot later seek a reversal on the basis of State's failure to disclose those facts. Means v. State, 429 S.W.2d 490 (Tex.Cr.App.1968); Simmons v. State, 504 S.W.2d 465, 473 (Tex.Cr.App.).

Appellant's first ground of error is overruled.

■ In the second ground of error, appellant contends Sgt. Spain committed perjury, with the implied knowledge of the State, to the prejudice of appellant. A charge of perjury is a serious accusation and must be clearly supported by the evidence. Appellant shows that Sgt. Spain's testimony on the stand differs from his offense report concerning what was stated to him to be the make of the robber's vehicle and the color of the weapon used. We have examined the record carefully and conclude the charge of perjury as a matter of law is not shown. The credibility of the witness was an issue to be determined by the jury. It is not clear whether Sgt. Spain thought he was testifying as to the specific contents of the offense report or to his recollection aided by the report, or what statements were made on the night of the robbery. We find no material misrepresentation of fact to the prejudice of appellant. ·

Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends the trial court erred in permitting evidence of the purchase of a pistol by the appellant the day before the robbery. The pistol purchased was a .22 revolver. The pistol used in the robbery was covered by a hankerchief but tentatively described as a .22 or .25 caliber pistol, possibly automatic. The pistol was of obvious probative value. The conflict in the testimony concerning the pistol is to be resolved by the jury and does not affect its admissibility. The court did not abuse its discretion in admitting it into evidence. Cunningham v. State, 500 S.W.2d 820 (Tex.Cr.App.1973).

Appellant's third ground of error is overruled.

In the fourth ground of error, appellant contends "due process" was violated by the State's variance between the indictment, proof, argument, charge and verdict. Appellant was indicted for robbery by assault. The argument of the prosecution was that a pistol was used and that appellant was guilty of a "capital crime."

■ The fact that robbery by firearms was not alleged in the indictment did not prohibit the State from introducing proof of use of firearms in proving the offense of robbery by assault, which was alleged. Moore v. State, 424 S.W.2d 443 (Tex.Cr.App.1968); Harris v. State, 172 Tex.Cr.R. 150, 354 S.W.2d 155 (1962). Appellant did not object to the term "capital crime" in the State's argument and no error on that point is preserved for this Court to review.

Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant contends that the court erred in enhancing the punishment under Art. 62, V. A.P.C., because he says robbery by assault should not be classified as a capital crime since it cannot be distinguished from robbery by firearms. Appellant was charged in the indictment with robbery by assault. The prior conviction used to enhance punishment was for felony theft. Such conviction was of like character with robbery by assault. Woods v. State, 487 S.W.2d 727 (Tex.Cr.App.); Strader v. State, 482 S. W.2d 226 (Tex.Cr.App.). Appellant makes

no argument, and cites no authorities, and does not comply with the provisions of Art. 40.09, § 9, V.A.C.C.P., in that regard. There is no merit in this ground, and the same is overruled.

 In his sixth ground of error, appellant contends a fatal variance existed between the indictment and verdict. The appellant was charged as an habitual offender under Art. 63, V.A.P.C., and convicted with enhancement under Art. 62, V.A.P.C. This Court in Beck v. State, 420 S.W.2d 725, 727 (Tex.Cr.App.1967) specifically allowed an enhancement under Art. 62, although the indictment was drafted under Art. 63. See also Dodty v. State, 493 S.W.2d 787 (Tex.Cr.App.).

Appellant's sixth ground of error is overruled.

In his last ground of error, appellant submits that the prosecution's presentation of prior convictions in the punishment phase of the trial and the trial court's admission of such was so disorganized and confused that the jury "probably" considered inadmissible evidence.

 Appellant makes no argument and cites no authority. He fails to specify any inadmissible evidence that was presented. The conviction was correctly proved by fingerprint identification and certified copies of the prior indictment, judgment, sentence, commitment, and prison records. There is no merit in appellant's ground of error and the same is overruled.

Appellant has presented twelve grounds of error in his *pro se* supplementary brief. Six of these grounds of error have already been answered in response to appellant's original brief. The other six grounds of error we have examined closely and find them to be without merit.

The judgment is affirmed.

Opinion approved by the Court.