IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-77,897-01




EX PARTE ANTOINE LAMONT SMITH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W05-55554-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4
FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of murder, and
he was sentenced to life in prison. The Fifth Court of Appeals affirmed the conviction. Smith v. State,
No. 05-08-01115-CR (Tex. App.—Dallas Aug. 18, 2010).
            Applicant raises many claims in his habeas application, including claims of ineffective
assistance of trial and appellate counsel and claims of perjury regarding the seizure of a pistol. After
an independent review of the habeas record, this Court holds that Applicant’s claims lack merit. See
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Weinstein, ___ S.W.3d ___, No. WR-78,989-01 (Tex. Crim. App. Mar. 10, 2014); Haywood v. State, 507 S.W.2d 756 (Tex. Crim. App.
1974).
            In a supplemental habeas application, Applicant raises a claim of actual innocence. He
provided an unsworn declaration purportedly made by Jeramie Dotsy that reads, in pertinent part:
[Applicant] is not guilty of the murder charge he was accused of on 08-02-2005. The
truth of the matter is I committed the crime and he had nothing to do with it. I am
writing this statement in all hopes to clear his name. I take full responsibility for this
crime.

The trial court did not hold an evidentiary hearing but finds, based on the existing record: “[T]he
statement of Jeramie Dotsy is not credible.” 
            Dotsy was involved in the murder and was also convicted of it pursuant to a plea agreement.
Under the factual circumstances of the murder and the procedural histories of Applicant and Dotsy’s
prosecutions, this Court finds that the trial court’s recommendation to deny relief is supported by the
record. Applicant fails to demonstrate that he is actually innocent, and this Court holds that the claim
lacks merit. See Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996).
            All relief is denied.
 
Filed: June 11, 2014

Do not publish