ACCEPTED
12-14-00337-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/1/2015 9:06:56 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00337-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/1/2015 9:06:56 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

LARRY MAPLES,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL IN CAUSE NUMBER CR13-00334
FROM THE 294TH JUDICIAL DISTRICT COURT
OF VAN ZANDT COUNTY, TEXAS
HONORABLE TERESA DRUM, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
>Larry Maples
>TDCJ # 01965775
>Stiles Unit
>3060 FM 3514
>Beaumont, Texas 77705

APPELLANT'S TRIAL COUNSEL
>Jeff Haas
>100 East Ferguson, Suite 908
>Tyler, Texas 75702
>903-593-8338
>
>James Huggler
>100 East Ferguson, Suite 805
>Tyler, Texas 75702
>903-593-2400
>
>J. Rex Thompson
>321 West Houston Street
>Tyler, Texas 75702
>903-533-8434

APPELLANT'S APPELLATE COUNSEL
>James Huggler
>100 E. Ferguson, Suite 805
>Tyler, Texas 75702
>903-593-2400
>903-593-3830 (fax)

APPELLEE
>The State of Texas

APPELLEE'S TRIAL COUNSEL
Chris Martin
Richard Schmidt
Van Zandt County Criminal District Attorney's Office
400 South Buffalo
Canton, Texas 75103
903-567-4104

APPELLEE'S APPELLATE COUNSEL
Richard Schmidt
Van Zandt County Criminal District Attorney's Office
400 South Buffalo
Canton, Texas 75103
903-567-4104

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      ISSUE ONE: THERE WAS LEGALLY INSUFFICIENT
      EVIDENCE TO FIND APPELLANT GUILTY OF THE
      OFFENSE OF CAPITAL MURDER.

      ISSUE TWO: IT WAS ERROR FOR THE TRIAL COURT TO
      DENY APPELLANT'S MOTION FOR DIRECTED VERDICT.

      ISSUE THREE: IT WAS ERROR FOR THE TRIAL COURT TO
      DENY APPELLANT'S MOTION TO INCLUDE AN
      INSTRUCTION REGARDING PERJURY.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE TWO, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B. Law Requiring Display of Weapon. . . . . . . . . . . . . . . . . . . 6
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . 6

D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ISSUE THREE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

STATUTES

TEX. PENAL CODE ANN. §19.03(a)(2) (West 2012). . . . . . . . . . . . . . . 1, 3, 6


CASES

Alcorta v. Texas, 355 U.S. 28, 78 S. Ct. 103, 2 L.Ed.2d 9 (1957). . . . . . 10

Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). . . . . . . . . . . . 8

Fuentes v. State, 991 S.W.2d 267 (Tex. Crim. App. 1999). . . . . . . . . . . 8

Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763,
    31 L.Ed.2d 104 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Haywood v. State, 507 S.W.2d 756 (Tex. Crim. App. 1974). . . . . . . . . . 11

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
    61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). . . . . . . 5

Madden v. State, 799 S.W.2d 683 (Tex. Crim. App. 1990). . . . . . . . . . . 6

Mears v. State, 429 S.W.2d 490 (Tex. Crim. App. 1968). . . . . . . . . . . . 10

Moreno v. State, 755 S.W.2d 866 (Tex. Crim. App. 1988). . . . . . . . . . . 8

Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3 L.Ed.2d 9 (1957). . . 10

Nelson v. State, 511 S.W.2d 18 (1974). . . . . . . . . . . . . . . . . . . . . . . . 10

Sharp v. State, 707 S.W.2d 611 (Tex. Crim. App. 1986). . . . . . . . . . . . 8

Tibbs v. Florida, 457 U.S. 31, 102 S. Ct. 2211,
    72 L.Ed.2d 652 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Turro v. State, 867 S.W.2d 43 (Tex. Crim. App. 1993). . . . . . . . . . . . . 8

Williams v. State, 513 S.W.2d 54 (Tex. Crim. App. 1974). . . . . . . . . . . 10

Williams v. State, 937 S.W.2d 479 (Tex. Crim. App. 1996). . . . . . . . . . 6

RULES

TEX. R. APP. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-14-00337-CR

LARRY MAPLES,           §    IN THE COURT OF APPEALS
APPELLANT               §
                        §
VS.                     §    12TH JUDICIAL DISTRICT
                        §
THE STATE OF TEXAS,     §
APPELLEE                §    TYLER, TEXAS


APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES
THEREOF:

Comes now Larry Maples ("Appellant"), by and through his attorney

of record, James Huggler, and pursuant to the provisions of TEX. R. APP.

PROC.38, et seq., respectfully submits this brief on appeal.


STATEMENT OF THE CASE

Appellant was indicted in cause number CR13-00334 and charged

with the felony offense of Capital Murder. I CR 11.[1] TEX. PENAL CODE

ANN. §19.03(a)(2) (West 2012). A jury was selected, and following

evidence and argument of counsel found Mr. Maples guilty of capital

---

[1] The Clerk's Record is designated "CR" with roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

1

murder and an automatic life sentence was imposed. II CR 374; XVI RR 49.[2] Notice of appeal was timely filed. II CR 379. This brief is timely filed on or before June 1, 2015 following proper extension by this Court.

## ISSUES PRESENTED

ISSUE ONE: THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF THE OFFENSE OF CAPITAL MURDER.

ISSUE TWO: IT WAS ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION FOR DIRECTED VERDICT.

ISSUE THREE: IT WAS ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION TO INCLUDE AN INSTRUCTION REGARDING PERJURY.

## STATEMENT OF THE FACTS

Initially, James Huggler and Rex Thompson were appointed to represent Mr. Maples on this charge, as well as other charges in Van Zandt County. I CR 23, 24. Then January 22, 2014, the State filed a notice to seek the death penalty. I CR 162. Jeff Haas was appointed as defense trial counsel. I CR 163, 168. Because neither Huggler or

---

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding "RR" indicating the volume and an arabic numeral following "RR" specifying the correct page.

2

Thompson were on the list of capital-approved attorneys in the First Judicial Region, they withdrew from representing Mr. Maples. I CR 164-167. On May 1, 2014, and no document was ever filed with the Clerk, the State withdrew its notice to seek the death penalty. VII RR 3. Mr. Maples filed a letter with the trial court seeking Mr. Haas' removal, and a grievance against Mr. Haas. I CR 175-76; IX RR 3, X RR 4. Haas filed a motion to withdraw, which was denied by the trial court. I CR 181-182, 186. Huggler was appointed second chair counsel. I CR 186, 187.

The State alleged that on March 24, 2013, Larry Maples intentionally caused the death of Heather Maples, by shooting her with a firearm, while in the course of committing the offense of burglary of a habitation of Moises Clemente. I CR 11; XIV RR 10-11; TEX. PENAL CODE ANN. §19.03(a)(2) (West 2012). Clemente had met Heather Maples[3] when she worked at the post office in Ben Wheeler, Texas. XIV RR 26. In 2008, Clemente and Heather Maples began dating. XIV RR 28. They dated for three to four months and she moved into his house. XIV RR 29-30. In 2012, they were engaged to be married. XIV RR 32. This relationship

---

[3] Mr. Clemente first met her under a previous name, Heather Coffin, however, for simplicity, Mrs. Maples will be referred to by her married name throughout this Brief. XIV RR 26.

3

ended in June or October 2012. XIV RR 32, 34. In August 2012, Clemente learned that Heather had a relationship with Larry Maples. XIV RR 34. Clemente knew that Heather had married Larry Maples. XIV RR 44.

On March 23, 2013, Heather Maples came to Clemente's home. XIV RR 43. Sometime during that evening, Larry Maples came to Clemente's house, found Heather Maples there in Clemente's bedroom in a state of undress, Clemente was shot once and Heather Maples was shot more than once by Larry Maples. XIV RR 56, 58, 61-62, 65, 67. A further discussion of the facts is included in the argument section of this brief.

### SUMMARY OF ARGUMENT

There are two sets of issues for this Court to consider. The first and second issue raised regard the legal sufficiency of the evidence and whether the trial court erred in denying the motion for a directed verdict. The evidence in the case supported a conviction for murder, however, there was legally insufficient evidence to prove that it was committed during the course of a burglary.

The final issue raised in this brief regards the trial court's error in

not including a requested instruction on perjured testimony in the jury instruction.

## ARGUMENT

ISSUE ONE, RESTATED: THERE WAS LEGALLY INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF THE OFFENSE OF AGGRAVATED ROBBERY.

ISSUE TWO, RESTATED: IT WAS ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION FOR DIRECTED VERDICT.

### A. Standard of Review

Appellant contends that the evidence is legally insufficient to support the verdict. The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in

5

rendition of an acquittal by the reviewing court. See <u>Tibbs v. Florida</u>, 457

U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

A challenge to the trial court's ruling on a motion for directed verdict

is, in actuality, a challenge to the sufficiency of the evidence to support the

conviction.  Therefore, the standard of review is the same as that used in

reviewing the sufficiency of the evidence.  <u>Madden v. State</u>, 799 S.W.2d

683, 686 (Tex. Crim. App. 1990); <u>Williams v. State</u>, 937 S.W.2d 479, 482

(Tex. Crim. App. 1996).


## B. Elements of the Offense

A person commits capital murder if: (1) he intentionally causes the

death of an individual; (2) and is committing or attempting to commit the

offense of burglary.  TEX. PENAL CODE ANN. §19.03(a)(2) (West 2012).


## C. Application to These Facts

Law enforcement was called to Moises Clemente's house in Van

Zandt County following a shooting.  Heather Maples was shot multiple

times and Moises Clemente was shot once.  XIV RR 154-55.  Both were

shot by Larry Maples.  XV RR 24.  The issue is not the murder of Heather

6

Maples, or even the indicted but yet untried aggravated assault of Moises Clemente, but rather had Larry Maples entered the home with the intent to commit a burglary?

Following being sworn in as a witness, Clemente verified that he was there to tell the jury the truth. XIV RR 20, 102. Moises Clemente testified that during 2013 he and Heather Maples did not have any intimate contact. XIV RR 39. On April 23, Clemente was not interested in renewing his relationship with Heather Maples. XIV RR 45. On March 23 and 24, Clemente denied having intimate contact with Heather Maples. XIV RR 48, 55, 133. He denied having sex with Heather Maples. XIV RR 120. Clemente testified that the last time they had sex was approximately six months previously. XIV RR 135.

Clemente maintained that he and Heather Maples did not have any sexual relations despite being informed by the District Attorney's Office that his DNA was found vaginally and anally. XIV RR 120, 133-34. Gloria Ruiz, a forensic scientist from the Department of Public Safety Crime Lab in Garland was called by the defense. XV RR 66. Ms. Ruiz conducted a DNA analysis from swabs obtained from Heather Maples vagina and anus. XV RR 70, 77, 80, 83, 84, 85. She found that there were

7

epithelial or skin cells from Heather Maples and sperm cells from Moses Clemente. XV RR 70, 75-76. To a reasonable degree of scientific certainty, Moises Clemente had engaged in sexual relations with Heather Maples, (XV RR 76) and committed perjury.

The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may also draw reasonable inferences from basic facts to ultimate facts. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When faced with conflicting evidence, the appellate court presumes the trier of fact resolved conflicts in the prevailing party's favor. Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). However, the duty of a reviewing court requires ensuring that the evidence presented actually supports a conclusion that the defendant committed the crime charged. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). An appellate court can not uphold a fact-finder's decision if it is irrational or unsupported by more than a mere modicum of the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.

8

1988).

In this case, the State's case rests on the shoulders of Moises Clemente. Clemente offered the evidence about what happened inside his home between himself, Heather Maples and Larry Maples. While a jury may make rational inferences from evidence, they are not allowed to completely disregard the fact that a witness testified at least five times directly that he had not had any sex with Heather Maples when scientifically it was proven that they had had both vaginal and anal sex the night of these events. If the defense had offered or sponsored that type of testimony, Mr. Clemente should have been warned and had counsel appointed. It would not be an unforeseeable event if the State chose to indict a witness who gave that story for aggravated perjury.

## D. Conclusion

This Court should sustain the First and second issues and reverse the judgment of the trial court and render an acquittal to the charge of capital murder.

ISSUE THREE, RESTATED: IT WAS ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION TO INCLUDE AN INSTRUCTION REGARDING PERJURY.

Mr. Maples requested that the jury be given the following charge:

If you believe that the testimony of Moises Clemente was false, not merely inaccurate but perjury, you are instructed to wholly disregard his testimony. The burden of showing that the testimony os a State's witness was perjured rests on the defendant. If the State presented a false picture of the facts and failed to correct that false picture once it became apparent that its own testimony was false, that can be considered by you in your deliberations. II CR 363; XVI RR 6.

The State is not allowed to obtain a conviction through the knowing use of perjured testimony. Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3 L.Ed.2d. 1217 (1959). The knowing presentation of perjured testimony by the State violates due process. Alcorta v. Texas, 355 U.S. 28, 78 S. Ct. 103, 2 L.Ed.2d 9 (1957). A reversal must follow if the prosecutor presents a false picture of the facts by failing to correct its own testimony when it becomes apparent that it was false. Napue; Mears v. State, 429 S.W.2d 490 (Tex. Crim. App. 1968); see also Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763, 31 L.Ed.2d 104 (1972). The defendant bears the burden of showing that the testimony used by the State was in fact perjured. Williams v. State, 513 S.W.2d 54 (Tex. Crim. App. 1974); Nelson v. State,

10

511 S.W.2d 18 (Tex. Crim. App. 1974).  Perjury is a serious charge which must be clearly supported by the evidence.  Haywood v. State, 507 S.W.2d 756 (Tex. Crim. App. 1974).

In many cases, the ability for a defendant to prove at trial that a State's witness committed perjury is difficult, even insurmountable.  In this case, summarizing , and incorporating the factual arguments made above, Moises Clement testified repeatedly that he and Heather Maples had not had sexual relations for a period of at least six months prior to the acts alleged in this indictment.  He even arrived at an outlandish theory that Mrs. Maples had used a sexual toy at least three days prior to April 24, 2013 and that this was the same toy they had used previously.

The major factual problem with that theory is that it flies in the face of the scientific evidence in this case.  XV RR 81-82.  In order for this allegation to be accurate, Mrs. Maples would have had to keep this device in a perfect environment with no moisture, in a paper bag, at room temperature, without exposure to the sun, for that entire period.  XV RR 80.  The idea that Mrs. Maples could use this toy, then three days later there would still be sperm cells present both vaginally and anally would require insertion and the complete lack of Mrs. Maples engaging in

11

normal everyday activity. XV RR 83-85.

There are also legal issues with upholding this theory. The State knew that Clemente had denied that he and Heather Maples had sex. The State knew that the theory about her use of a toy would come from the witness stand in advance of trial. XIV RR 135. Even when it became apparent that Mr. Clemente was lying, the State did not correct this lie. The State argued that the substance of the perjury was not important. "What were they doing in the bedroom? I don't care." XVI RR 18. "Don't concern yourselves with that. That's a moral question" XVI RR 18. "Moises Clemente's DNA is in her vagina and anal cavities. So what? Moises Clemente said they weren't having sex. Were they? Does it matter?" XVI RR 21. "[Heather Maples] was being unfaithful. So what? So what?" XVI RR 42, ln. 2-3.

The closest the State came to admitting that their witness committed perjury, or the closest the State came to trying to correct the perjured testimony came later in argument. "Moises Clemente's DNA was found inside of Heather Maples. Okay. There's no disputing that". XVI RR 42, ln. 8-9. This admission was tempered or qualified with additional argument: "So was Moises Clemente lying when he said, We didn't have

sex? Maybe." XVI RR 22, ln. 5-6. "Was he lying about having sex with her? Maybe. Maybe." XVI RR 22, ln. 18-19.

The State missed the point. The point of bringing up the fact that Moises Clemente lied on the stand was not to establish that Heather Maples was unfaithful to Larry Maples. XVI RR 44, ln., 21-22. The point was to establish to the jury that the State relied on the perjury of Moises Clemente, that the State did nothing to correct this perjury, and that this violated Larry Maples' right to due process of law. While the State can offer hard blows, they cannot offer foul blows and allowing perjured testimony to stand without correction is a foul blow which requires reversal.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the trial court's decision be reversed and judgment of acquittal rendered, or that the case be reversed and remanded for a new trial, and for other such relief as allowed by law.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number
00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR
APPELLANT

14

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by regular mail on this the 1st day of June, 2015.


 /s/ James Huggler
James W. Huggler, Jr.


Attorney for the State:
Mr. Richard Schmidt
Van Zandt County Criminal District Attorney's Office
400 South Buffalo
Canton, Texas 75103


## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 3,275 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler
James Huggler