# NO. 12-15-00167-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SIDNEY C. LYNCH,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Sidney C. Lynch appeals his conviction for theft. In two issues, he challenges the sufficiency of the evidence to support his conviction and the trial court's inclusion of a presumption instruction in the jury charge. We affirm.

### BACKGROUND

The State charged Appellant with theft of a truck belonging to Debra Graham, to which he pleaded "not guilty." Graham and her husband, James Everhardt, testified that they owned a 2002 Dodge truck. Graham testified that she was the truck's registered owner. One day, Bryon Bragg contacted them about borrowing the truck. Everhardt and Graham agreed to loan the truck to Bragg. Everhardt believed that Bragg needed the truck to help his roommate, Stephen Pardue, pick up tires for Pardue's car. Bragg testified that he allowed Pardue to borrow the truck.

Pardue testified that he borrowed the truck to visit his daughter, but he stopped to visit his friend, Jessica. When he prepared to leave Jessica's house, the truck would not start. He testified that Everhardt told him to leave the truck there. Jacob Mayne, who was also visiting Jessica, testified that the truck was "sputtering" when Pardue arrived and that Pardue wanted to get rid of the truck. Mayne told Pardue that Samuel Jones could help him repair, sell, or replace the truck. Mayne then contacted Jones by telephone.

Jones testified that he and Appellant are coworkers at "The Farm," a salvage business. He explained that they purchase vehicles and sell the parts to salvage yards. He testified that Mayne contacted him about the truck and said he wanted to sell it. Mayne and Appellant then discussed a purchase price. Kelly Sonntag, Jessica's neighbor, testified that he saw two men retrieve the truck, but that Appellant was not one of them. According to Jones, however, he and Appellant retrieved the truck. Jones testified that he later paid Mayne for the purchase with money from Appellant.

Laurie Atkins testified that she was present when Appellant took the truck. Appellant told Atkins that he needed someone with a valid driver's license to sign a release. She spoke to Mayne on the telephone, who said to sign the release. When she signed her name, she noticed that the document said "bill of sale." She expressed concern about signing a bill of sale, but Appellant told her not to worry about it. Atkins contacted Everhardt when she later learned that the truck had been stolen.

Detective Larry Swinford of the Smith County Sheriff's Department testified that he went to The Farm to investigate, but could not locate the truck. He spoke with Appellant, who admitted purchasing the truck and obtaining a record of the purchase. He initially told Swinford that the truck had been demolished and the pieces sold to a business in Longview. When Swinford told Appellant that he would check the Longview business's records, Appellant changed his story and said he knew nothing about what happened to the truck.

Graham and Everhardt both testified that the truck was never located. Everhardt testified that he and Graham purchased the truck for $4,800. Graham testified that she purchased the truck for $5,300 about a year before the theft and that the truck was running and in very good condition when Bragg borrowed it. She submitted a claim to her insurance provider and received just under $4,000 for the loss. In Graham's opinion, the truck was worth over $5,000. Swinford testified that, based on the truck's vehicle identification number, its trade-in value ranged from $2,500 to $6,000.

2

The jury found Appellant "guilty" of theft of property in an amount more than $1,500 but less than $20,000. Appellant pleaded "true" to an enhancement allegation, and the jury assessed punishment of imprisonment for ten years.[1]

**LEGAL SUFFICIENCY**

In his first issue, Appellant contends the evidence is legally insufficient to support his conviction because of conflicting evidence regarding value and identity of the perpetrator.

**Standard of Review**

When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*.

**Value**

A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015). The value of property is (1) its fair market value at the time and place of the offense, or (2) if the fair market value cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. *Id*. § 31.08(a). A property owner is competent to testify as to the value of his or her own property. *Sullivan v. State*, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986). The owner may offer an opinion or estimate of value in general and commonly understood terms. *Id*. at 909. Such testimony constitutes an offer of the witness's best knowledge of the property's value and is sufficient evidence for the trier of fact to make a determination as to value based on the witness's credibility. *Id*. This is true even without a specific statement as to "market value" or "replacement value." *Id*. When the State seeks to establish the value of property through the testimony of someone other than the owner, the nonowner must be qualified regarding

---

[1] Although the charged offense is a state jail felony, Appellant was punished for a third degree felony because he has a prior conviction that contains an affirmative deadly weapon finding. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (West Supp. 2015); *see also* TEX. PENAL CODE ANN. § 12.35(c)(2)(B) (West Supp.2015).

3

knowledge of the property's value and must testify explicitly as to fair market value or replacement value. *Id*.

The jury heard Detective Swinford testify that the truck's value ranged from $2,500 to $6,000. Everhardt, one of the truck's owners, testified that the truck cost $4,800. The jury also heard Graham, the truck's registered owner, testify that she purchased the truck for $5,300, her insurance provider paid just under $4,000 for the loss of the truck, and she believed the truck's value exceeded $5,000. These witnesses' testimony supports the State's allegations of theft in an amount more than $1,500 but less than $20,000. *See id*. at 908-09. The jury was entitled to choose which testimony to accept and the State was not required to prove an exact value. *See Hooper*, 214 S.W.3d at 13; *see also Sowders v. State*, 693 S.W.2d 448, 450 (Tex. Crim. App. 1985) (State need only prove value of stolen property falls within the alleged value range). Accordingly, the jury could reasonably conclude that the truck's value was more than $1,500 but less than $20,000, as alleged in the indictment. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13.[2]

**Identity**

The state must prove, beyond a reasonable doubt, that the accused is the person who committed the crime charged. *Smith v. State*, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Identity may be proved through direct or circumstantial evidence and inferences. *Id*. An appellate court gives great weight to a witness's positive identification of a defendant. *See Haywood v. State*, 507 S.W.2d 756, 758 (Tex. Crim. App. 1974).

The jury heard conflicting evidence regarding the identity of the two men who hauled off the truck. Sonntag testified that Appellant was not one of those two men. Jones and Atkins testified that Appellant was one of the two men who hauled off the truck. Additionally, Appellant told Detective Swinford he purchased the truck, and he gave conflicting stories as to what happened to the truck. The State also admitted a copy of the bill of sale into evidence, which identified Appellant as the "purchaser" of the truck. Any conflict in the testimony or question of identity is to be resolved by the jury. *Hicks v. State*, 508 S.W.2d 400, 402 (Tex. Crim. App. 1974). Accordingly, the jury was free to reject Sonntag's testimony and accept the testimony of other witnesses who identified Appellant as the perpetrator. *See Hooper*, 214

---

[2] On the date of the offense, theft was a state jail felony when the value alleged was $1,500 or more but less than $20,000. *See* Act of May 29, 2011, 82nd Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3301, 3310 (amended 2015) (current version at TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2015)).

S.W.3d at 13; *see also* **Hicks**, 508 S.W.2d at 402; **Haywood**, 507 S.W.2d at 758. Viewing the evidence in light most favorable to the jury's verdict, we conclude that the jury could find, beyond a reasonable doubt, that Appellant committed felony theft of $1,500 or more but less than $20,000. *See* **Brooks**, 323 S.W.3d at 899; *see also* TEX. PENAL CODE ANN. §§ 31.03(a), 31.08(a). We overrule Appellant's first issue.

**JURY CHARGE**

In his second issue, Appellant challenges the trial court's inclusion in the jury charge of an instruction regarding the presumption of knowledge that property received has been previously stolen enumerated in section 31.03(c)(6)(B) of the Texas Penal Code.[3]

**Facts**

The State submitted a proposed jury instruction on the presumption found in section 31.03(c)(6)(B). Defense counsel stated that he expected the trial court to include the instruction because it fell under section 31.03 and because the evidence included testimony throughout the trial regarding the topics of presumption, title, bill of sale, and certificate of authority. He expressed the belief that the presumption needed to be addressed in the charge, and he deferred to the trial court's decision on what to include in the charge. Without objection from the defense, the trial court included the State's requested instructions in its jury charge.

**Analysis**

The record indicates that Appellant agreed to submit a charge that contained an instruction on the section 31.03 presumption. Under the doctrine of invited error, a species of estoppel, a party who affirmatively seeks action by the trial court, cannot later complain that the action was erroneous. **Prystash v. State**, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). "The rule of invited error in jury charges is one of long standing[.]" **Id**. Having agreed to submission of

---

[3] Section 31.03(c)(6)(B) states, in pertinent part, that

> an actor engaged in the business of obtaining abandoned or wrecked motor vehicles or parts of an abandoned or wrecked motor vehicle for resale, disposal, scrap, repair, rebuilding, demolition, or other form of salvage is presumed to know on receipt by the actor of stolen property that the property has been previously stolen from another if the actor knowingly or recklessly . . . fails on receipt of a motor vehicle to obtain a certificate of authority, sales receipt, or transfer document as required by Chapter 683, Transportation Code, or a certificate of title showing that the motor vehicle is not subject to a lien or that all recorded liens on the motor vehicle have been released[.]

TEX. PENAL CODE ANN. § 31.03(c)(6)(B) (West Supp. 2015).

the instructions, Appellant cannot now complain that the trial court erred by submitting the instruction to the jury. *See id*.; *see also* **Landers v. State**, No. 07–10–0130–CR, 2011 WL 1496154, at *2 (Tex. App.—Amarillo Apr. 19, 2011, pet. ref'd) (mem. op., not designated for publication) (appellant acquiesced in trial court's decision to disallow expert testimony and could not complain on appeal about something to which he agreed). Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2016

NO. 12-15-00167-CR

**SIDNEY C. LYNCH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0443-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*