# NO. 12-17-00100-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTONIO WILSON,* *APPELLANT* | § | *APPEAL FROM THE 13TH* |
| *V.* | § | *JUDICIAL  DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NAVARRO COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Antonio Wilson appeals from his conviction for aggravated robbery.  In one issue, he challenges the sufficiency of the evidence to support his conviction.  We affirm.

## BACKGROUND

The State charged Appellant with aggravated robbery, to which he pleaded "not guilty." At trial, Delena Bearden, the manager at Taco Shop, testified that she knows Appellant because he worked for her at the Taco Shop and played football with her son.  It had been approximately one month since she saw Appellant and six months since he had worked at the Taco Shop.

On the night before the robbery, she took the weekend deposit to her home. On December 29, 2015, Bearden arrived at the restaurant shortly before 7:00 a.m. and entered the office to prepare the deposit.  She did not lock the door to the restaurant, and turned off the alarm.  At some point, Bearden heard the employee door close.  When she looked out of the office, she saw a black male walking towards her.  He wore a black jogging suit and ski mask, and carried a backpack, and a gun.  Bearden immediately called him "Tony," the name she calls Appellant.  She recognized Appellant's voice when he told her to give him the money. Bearden said, "Tony, don't do this," to which he replied, "[Y]ou don't know who this is."  Bearden grabbed the gun and the two engaged in a physical struggle.  She testified that she would not

have fought as aggressively had she not known him, as she wanted to reason with him and try to prevent him from ruining his life.  Bearden testified that she had no doubt that Appellant committed the robbery.

Officer Jarrett Girard with the Corsicana Police Department testified that the security footage showed a black male entering the store.  The man engaged in a physical struggle with Bearden, managed to enter the shop's office, and exited the shop with the money.  Girard testified that Bearden never wavered in her belief that a former employee committed the robbery.

Detective Rex Givens with the Corsicana Police Department testified that Bearden identified Appellant as the man who robbed the Taco Shop.  She told Givens that she had worked with Appellant at the shop, recognized his voice and general stature, and could see his eyes and the lower part of his jaw during the robbery.  Givens testified that internal thefts, involving an employee stealing money, is most prevalent.  He identified the following factors as supporting his belief that an employee robbed the Taco Shop: the time Bearden arrived with the money, an employee would know Bearden would be alone, and an employee would know where to go once he entered the shop, such as the office and behind the counter. His belief was further confirmed by the fact that surveillance cameras caught the suspect covering his face in the alley, which indicated knowledge that cameras were present.

Tedrick Wilson, Appellant's brother, testified that he was working in Ennis on the day of the robbery.  His shift ended at 7:00 a.m., but he could not recall what time he arrived in Corsicana.  He gave inconsistent accounts of his actions after leaving Ennis, and testified that possibly had time to travel to Corsicana while the robbery was occurring.  He attempted to contact Appellant after the robbery, but Appellant did not return his calls.  He did not speak to Appellant until three months after the robbery.  Bearden testified that Tedrick had also worked at the Taco Shop, but that he was taller and more muscular than Appellant, had different hair, and walked differently.  She explained that Appellant has a "slimmer build" and walks on the "balls of his feet."  Tedrick denied committing or being involved in the robbery.  He had also sent Bearden a text denying involvement in the robbery.

Carolyne Wells, Appellant's mother, testified that Appellant had been living with her in Dallas.  She recalled that, on December 29, Appellant wore a black t-shirt and black jogging pants. She could not recall him either leaving early in the morning or not being present when she awoke, but she insisted that Appellant was home that day.

2

Officer Bradley Sherrard, a patrol corporal for the City of Ennis, testified that on March 8, 2016, a vehicle caught his attention because there was a paint smear obscuring the license plate. He saw the driver fail to signal and conducted a traffic stop. The driver claimed he did not have a driver's license, and he identified himself as Tedrick Wilson. Because Sherrard smelled an odor of marijuana emitting from the vehicle, he asked the driver to exit the vehicle. Sherrard asked to see the driver's wallet, which contained a driver's license for Appellant. Appellant admitted lying about his identity because of a warrant for his arrest related to armed robbery.

At the conclusion of trial, the jury found Appellant guilty of aggravated robbery, and assessed his sentence at imprisonment for seven years. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends the evidence is legally insufficient to support his conviction because the State failed to prove that he is the person who committed the robbery.

**Standard of Review and Applicable Law**

When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*.

A person commits aggravated robbery when, in the course of committing theft and with intent to obtain or maintain control of property, he causes serious bodily injury to another or uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. §§ 29.02(a), 29.03(a) (West 2011). The state has the burden to prove, beyond a reasonable doubt, that the accused is the person who committed the charged offense. *See Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *see also Smith v. State*, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The state may prove identity by either direct or circumstantial evidence, and through inferences. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *Smith*, 56 S.W.3d at 744.

**Analysis**

On appeal, Appellant maintains that the evidence is insufficient to prove identity because Bearden gave inconsistent statements, he had an alibi via his mother, no physical evidence connected him to the offense, and other evidence implicates Tedrick rather than Appellant.

The jury heard Bearden positively identify Appellant as the robber. She testified that she recognized Appellant's voice and would not have struggled with the robber had she not known him. Detective Givens testified that internal thefts involving an employee are the most prevalent and he believed that an employee robbed the Taco Shop. Although both Appellant and Tedrick had worked at the Taco Shop, the jury heard Bearden explain her familiarity with Appellant and Tedrick, including the differences between the two men. Additionally, the jury heard Tedrick's denial of any wrongdoing.

Tedrick also testified that Appellant failed to return his calls after the robbery. Although Appellant's mother insisted that Appellant was home on the day of the robbery, she also described that he wore clothing similar to that of the robber. Moreover, the jury heard Officer Sherrard testify that, after the robbery, he stopped Appellant's vehicle and Appellant identified himself as Tedrick. He admitted lying about his identity because of an arrest warrant for armed robbery.

As sole judge of the weight and credibility of the witnesses' testimony, the jury was entitled to resolve any inconsistencies in the evidence and determine which evidence to believe and disbelieve. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13. In doing so, the jury was entitled to believe Tedrick's testimony denying involvement in the robbery and Bearden's testimony identifying Appellant as the robber. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13. The State was not required to present physical evidence linking Appellant to the aggravated robbery. *See Gardner*, 306 S.W.3d at 285; *see also Hooper*, 214 S.W.3d at 13; *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (rational jury could have found appellant guilty of aggravated robbery without DNA evidence, fingerprint evidence, or evidence of gun or cash). Moreover, an appellate court gives great weight to a witness's positive identification of a defendant. *See Haywood v. State*, 507 S.W.2d 756, 758 (Tex. Crim. App. 1974).

Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found that Appellant was the perpetrator of the aggravated robbery. *See Brooks*, 323 S.W.3d at 899. The jury could conclude, beyond a reasonable doubt, that Appellant committed aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 29.02(a), 29.03(a). Because the evidence is legally sufficient to support Appellant's conviction, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-17-00100-CR**

**ANTONIO WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 13th District Court

of Navarro County, Texas (Tr.Ct.No. D36689-CR)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*