# NO. 12-15-00292-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENTAVIAN JUANYA HOLMAN,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kentavian Juanya Holman appeals his conviction for aggravated robbery. Appellant raises three issues on appeal. We affirm.

## BACKGROUND

On August 31, 2014, the victim, an eighty-five year old female who lived alone, awaited the arrival of her daughter and son for lunch. Prior to their arrival, an intruder entered the home through the unlocked front door, exhibited a large knife, and demanded money. He searched the home and obtained a small amount of money, including several coins. Appellant fled the victim's home.

Moments later, David Hughes, a nearby neighbor, saw a person throw a knife in the bushes near his home. As the police canvassed the neighborhood, Hughes flagged down an officer and relayed his observations to the officer. The officer recovered the knife. Hughes also told the officer that the intruder lived in the neighborhood and identified his residence. Hughes later identified Appellant as the intruder based on photos presented to him by the authorities. The officers obtained a search warrant and searched the home identified by Hughes, which uncovered no relevant evidence. Appellant was not present at the time of the search. The officers subsequently obtained an arrest warrant for Appellant, who voluntarily arrived at the

police station a few days later. Three alibi witnesses accompanied Appellant to the station and provided written statements that Appellant was at another location at the time of the robbery.

Appellant was arrested and indicted for aggravated robbery, a first degree felony.[1] Appellant pleaded not guilty, and the case proceeded to a jury trial. The jury found Appellant guilty of the charged offense and sentenced him to twenty years of imprisonment. Appellant filed a motion for new trial, but the court denied it without a hearing. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant argues that the evidence is insufficient to support the jury's verdict that he is the person who committed the robbery.

### Standard of Review

The *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply when determining whether the evidence is sufficient to support each element of a criminal offense that the state must prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979)). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

When reviewing the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Brooks*, 323 S.W.3d at 899; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Circumstantial evidence is as probative as direct evidence in establishing the

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011).

accused's guilt. *Hooper*, 214 S.W.3d at 13. A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

**Applicable Law**

A person commits aggravated robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places a person who is sixty-five years of age or older in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(3)(A) (West 2011). A person commits theft if he unlawfully appropriates property without the owner's effective consent and with intent to deprive the owner of the property. *See id.* § 31.03(a), (b)(1) (West Supp. 2016).

The state must prove, beyond a reasonable doubt, that the accused is the person who committed the crime charged. *Smith v. State*, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Identity may be proved through direct or circumstantial evidence and reasonable inferences. *Id.* Eyewitness testimony is not required to convict a defendant. *Greene v. State*, 124 S.W.3d 789, 792 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). However, an appellate court gives great weight to a witness's positive identification of a defendant. *See Haywood v. State*, 507 S.W.2d 756, 758 (Tex. Crim. App. 1974). Proof of an accused's identity through circumstantial evidence is not subject to a more rigorous standard than is proof by direct evidence. *Smith*, 56 S.W.3d at 744 (citing *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989)).

**Discussion**

Appellant contends that the evidence is insufficient to show that he is the person who committed the aggravated robbery.

At the time of the robbery, the victim was an eighty-five year old woman who lived alone and required the assistance of an ambulatory device to walk. The victim testified that she waited at home for her son and daughter to arrive for lunch. Her front door was open, but the storm door was unlocked and closed. She sat in a chair facing the television, unable to see the front door. An intruder entered the home, exhibited a knife, threatened her, and demanded money. To restrict her movement and prevent any attempt to seek assistance, the intruder moved the victim's ambulatory assistance device away from her and disconnected two of her landline phones. The intruder searched the home and took money from the victim's purse along with

3

several dollars of coin currency. The intruder hid one of the phones under the victim's bed, and then he left the residence with the other phone, which he discarded outside the victim's front door.

The victim called her daughter, who then called the police. The police arrived at the victim's home and interviewed her. Other officers searched the area looking for witnesses and evidence. Officer Jason Vance of the Lufkin Police Department spoke with the victim, who described her assailant as a tall, thin black male in his late teens or early twenties, with a small amount of facial hair above his lip, and who wore cutoff shorts or jeans. The victim stated she never saw the intruder prior to the incident. The victim told officers that her assailant fled on foot towards Sunset Boulevard, which intersects Hackney Avenue, the street where her home is located.

Hughes resided on Dogwood Trail, which runs parallel to Hackney Avenue and intersects Sunset Boulevard. Hughes testified that he sat on his front porch, while looking down at his cellular phone, when he heard a jingling noise that sounded like coins. He looked up and saw Appellant walking briskly past his home. Hughes observed Appellant discard a large knife in the bushes on a nearby lot. He then saw Appellant run away further down Sunset Boulevard. Hughes did not personally know Appellant, but knew of his mother and that Appellant was her son. He also knew that Appellant's mother lived on Sunset Boulevard in the direction that Appellant ran.

Hughes testified that he alerted Officer Hector Rosales, a patrol officer for the City of Lufkin, and explained his observation that Appellant tossed the weapon in the bushes. The officer located the knife at the location described by Hughes. While in the officer's patrol unit, Hughes showed the officer where Appellant lived on Sunset Boulevard. Later, Officer Vance met Hughes at another location and showed Hughes two photos of Appellant. Hughes confirmed that the person in the photos, Appellant, was the person who discarded the knife.[2] Hughes also confirmed this at trial and identified Appellant in open court.

The police officers did not conduct any photograph identification lineup in this case. The victim's daughter testified that her mother later identified her assailant from a newspaper photograph covering the story of her robbery. The victim remembered seeing a photograph of

---

[2] Officer Vance did not provide a standard photo array lineup of several persons; only two photos of Appellant.

4

Appellant in the newspaper after his arrest, but did not remember disclosing that to the authorities. The victim also identified Appellant in court as the person who robbed her.

The police obtained a search warrant for Appellant's mother's home, but the searching officers discovered no evidence of guilt tying Appellant to the crime. Although the police collected and tested latent fingerprints on several items, none of them, including prints on the knife, doors, and telephones, had any identifiable fingerprints linked to Appellant. Appellant offered the testimony of his mother and a friend, Douglas Richard, who testified that Appellant lived at another address, and was at that address, at the time of the robbery. However, when Appellant surrendered at the police station and was booked in the jail, he reported to the jailer that he lived at the address linked to his mother's home.

Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found that Appellant was the perpetrator of the robbery. *See Johnson*, 871 S.W.2d at 186. Accordingly, the jury could conclude, beyond a reasonable doubt, that Appellant committed aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(3)(A); *see also Brooks*, 323 S.W.3d at 895.

Appellant's first issue is overruled.


## COMMENT ON WITNESSES' CREDIBILITY

In his second issue, Appellant contends that Detective Jared Hennigan of the Lufkin Police Department offered improper testimony on the credibility of the alibi witnesses' written statements, and that counsel's failure to object constitutes ineffective assistance.

### Standard of Review and Applicable Law

To preserve a complaint for appellate review, the complaining party must have presented a specific and timely request, motion, or objection to the trial court, and the trial court must have either ruled or refused to rule. TEX. R. APP. P. 33.1(a).

To establish ineffective assistance of counsel, Appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). An ineffective assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature

of the claim. ***Thompson v. State***, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In evaluating the effectiveness of counsel under the deficient performance prong, we look to the totality of the representation and the particular circumstances of each case. ***Id.*** The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See **Strickland***, 466 U.S. at 688–89, 104 S. Ct. at 2065; ***Nava***, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. ***Nava***, 415 S.W.3d at 307–08.

The prejudice prong of ***Strickland*** requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial. ***Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, Appellant must show there is a reasonable probability that, without the deficient performance, the result of the proceeding would have been different. ***Id.*** at 694, 104 S. Ct. at 2068; ***Nava***, 415 S.W.3d at 308. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; ***Nava***, 415 S.W.3d at 308. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. ***Strickland***, 466 U.S. at 697, 104 S. Ct. at 2070.

Direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped. ***Menefield v. State***, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); ***Thompson***, 9 S.W.3d at 813–14. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. ***Menefield***, 363 S.W.3d at 593; ***Mata v. State***, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." ***Menefield***, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." ***Nava***, 415 S.W.3d at 308.

**Discussion**

A few days after Appellant's arrest warrant issued, he voluntarily appeared at the police station, along with three alibi witnesses who provided written statements of Appellant's

whereabouts at the time of the robbery. After describing the content of the statements, the prosecutor and Detective Hennigan engaged in the following colloquy:

> Q.     Okay. So how did that figure into, you know, what you're going to do with this case? I mean you've got alibi statements and we've got this other information, how did that all figure in together to think you had a viable case?
>
> A.     His arrest warrant was already issued on that Sunday, obviously. So by Wednesday someone shows up and has witnesses, three witnesses, one of which doesn't want to write her own statement, which is not -- is not really here nor there. The other one's statement is completely wrong. It is dated for a day when this didn't even happen, it is before this happened. And then the third one gives a statement that all of the times coincide. So we have to take into consideration, based on the amount of time that they have had, did they pre-prepare this story or is this the actual story. And there is really not a good way for me to determine whether that is credible or pre-prepared. I went off the facts that I had at the scene, which is the victim and the witness saying this is who you need to have in jail.
>
> Q.     Okay. So you just kept going forward with your investigation?
>
> A.     Correct.

Appellant argues that it was error to allow this testimony because it invaded the province of the jury to determine the underlying alibi witnesses' credibility. Appellant did not object to this testimony, and thus failed to preserve this issue for review on appeal. *See* TEX. R. APP. P. 33.1.

Appellant also appears to argue that trial counsel was ineffective because his failure to object to Detective Hennigan's testimony was so outrageous that no competent attorney would neglect to object. We disagree. A close examination of the testimony demonstrates that Detective Hennigan testified that one of the witnesses did not write her own statement and he described the inconsistencies in the second statement. Moreover, Detective Hennigan disclosed that the third statement was "fairly decent," and that the statement provided details consistent with Appellant's alibi, a fact that could bolster Appellant's defense. The detective then concluded that he could not determine whether the statements were credible or fabricated, and that he instead relied on the physical evidence discovered at the scene, along with the victim's and Hughes's identification of Appellant as the perpetrator. This is a reasonable summary of the Detective's investigation and he never opined that the alibi witnesses' statements were false. We cannot conclude on this record that counsel's failure to object to this testimony was so outrageous that no competent attorney would neglect to object. *See **Nava***, 415 S.W.3d at 308.

Appellant's second issue is overruled.

In his third issue, Appellant contends that the trial court abused its discretion when it failed to hold a hearing and grant his motion for new trial.

## Standard of Review and Applicable Law

We review a trial court's failure to conduct a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). We must ask whether, on this record, the trial court could have reasonably denied the defendant a hearing on his motion for new trial. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

A hearing on a motion for new trial has two purposes: (1) to determine whether the case should be retried, and (2) to complete the record for presenting issues on appeal. *Smith*, 286 S.W.3d at 338. In order for a defendant to be entitled to a hearing, the motion for new trial must satisfy two requirements: (1) it must assert matters that are "not determinable from the record," and (2) it must assert "reasonable grounds" showing that the defendant could be entitled to relief. *Id.* at 338-39. A motion for new trial must be "supported by an affidavit specifically setting out the factual basis for the claim." *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

If the motion and accompanying affidavits do not show that the movant could be entitled to relief, then no abuse of discretion occurs by failing to conduct a hearing on the motion. *See Wallace*, 106 S.W.3d at 108. Furthermore, no hearing is required if "the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed." *Hobbs*, 298 S.W.3d at 199.

## Discussion

Other than a general discussion of the substantive law regarding the trial court's discretion in hearing and granting a motion for new trial, the entirety of Appellant's argument in the motion is as follows:[3]

> Defendant was deprived of a fair and impartial hearing for the following reasons:
>
> a. There was no evidence to establish the defendant participated in the Aggravated Robbery, except the uncorroborated testimony of a witness who failed to properly identify the Defendant.
>
> b. The defendant's co-residents[ ] were not allowed to testify as to the current residence of the Defendant. They were not allowed to testify as to corroborate the Defendant's [alibi].

---

[3] There was no affidavit attached to the motion for new trial in the record.

c.  A material defense witness was not subpoenaed therefore preventing the Defendant from establishing his innocen[c]e[.]

The first ground in the motion is related to Appellant's sufficiency of the evidence issue regarding the identity of the perpetrator, a defense he pursued and developed in the trial court, and an issue raised and addressed in this appeal. Appellant acknowledges that this issue is determinable from the record.

The second ground in Appellant's motion does not provide any underlying facts disclosing the identity of his roommates, or point out in the record why they were not allowed to testify or who kept them from testifying. Appellant did not raise this issue or otherwise object at trial. Moreover, Appellant presented testimony from his mother and Richard, who both testified that Appellant resided at the home of Richard's grandmother at the time of the robbery, and that Appellant was there at the relevant time and date. Finally, the relevant address is the location of Appellant's residence at the time of the robbery, which is not necessarily his "current residence" as stated in the motion.

Similarly, with regard to the third ground in the motion, Appellant did not identify the witness, disclose the nature of the witness's testimony, provide any underlying facts regarding the failure to subpoena the witness, demonstrate that the witness would be available to testify, or explain how the witness's testimony would lead to a different outcome.

Accordingly, based on the record before us, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for new trial without a hearing because the motion raised matters that were either determinable from the record or did not establish reasonable grounds showing that Appellant could be entitled to relief. *See Smith*, 286 S.W.3d at 338-39.

Appellant's third issue is overruled.


## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the trial court's judgment.


BRIAN HOYLE
Justice

Opinion delivered January 18, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 18, 2017**

**NO. 12-15-00292-CR**

**KENTAVIAN JUANYA HOLMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0688)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*